Argued and submitted October 29, 2010, reversed June 29, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT LOZA,
*Defendant-Appellant.*

Washington County Circuit Court
C990276CR, C990852CR;
A140191 (Control), A140192

260 P3d 555

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

In this consolidated appeal, defendant appeals judgments of conviction for one count of driving while revoked (DWR), ORS 811.182, in Case Number C990276CR (the DWR case) and one count of DWR and one count of driving under the influence of intoxicants (DUII), ORS 813.010, in Case Number C990852CR (the DUII case), raising two assignments of error. We write to address only one of his assignments, *viz.*, that the trial court erred in denying his motion to dismiss on speedy trial grounds both of the criminal cases against him. We agree with defendant and, accordingly, reverse.

The relevant facts are undisputed, and we address each of defendant's cases in turn at the outset. The DWR case stems from defendant's arrest for DWR on January 20, 1999. Based on that incident, the state initially filed an information on January 29, charging defendant with one count of felony driving while suspended and one count of felony DWR, and instructing him to appear on February 1 for his arraignment. After a postponement, defendant was arraigned on February 10, and the trial court scheduled a preliminary hearing in the case for March 12. The hearing was eventually held on April 9, and defendant was present. On the same day—April 9—the state indicted defendant on the DWR charge arising from the January 20 incident. The Washington County District Attorney designated the indictment as secret. On April 15, defendant failed to appear at a change of plea hearing, and the court issued a bench warrant.

The DUII case stems from defendant's arrest for DWR and DUII on March 5, 1999. Based on that incident, the state initially filed an information on March 16, charging defendant with one count of felony DWR and instructing him to appear in court on March 24 for his arraignment. Defendant was arraigned on that day, and the trial court scheduled a preliminary hearing for April 23. Defendant failed to appear on April 23, and the court issued a bench warrant. Based on the March 5 incident, the state indicted defendant on the DWR charge and added one count of DUII on February 7,

2000, and, shortly thereafter, the court issued an arrest warrant on those charges. Again, the Washington County District Attorney designated the indictment as secret.

The Washington County Sheriff's Office entered defendant's name in the National Crime Information Center (NCIC) database on April 20, 1999, alerting law enforcement agencies throughout the United States that defendant had an active arrest warrant in Washington County. The sheriff's office received four separate notices through the NCIC database indicating that defendant had been arrested in Texas— the earliest of which was the result of defendant's arrest in Texas eight days after his name had been entered in the database. The state did not extradite defendant from Texas because his warrants were "shuttle only" warrants.[1]

On July 18, 2008, Beaverton Police Officer Young stopped defendant for a traffic violation, discovered his outstanding warrants, and arrested him. Thereafter, the DWR case and the DUII case were consolidated for trial. Before trial, defendant moved to dismiss the DWR charges and the DUII charge, arguing that prosecution of those charges violated his speedy trial rights under ORS 135.747[2] and the Oregon and United States constitutions. Specifically, he argued that, although he had "impliedly consented [to the delay] when he failed to appear," the state's actions, including its decision not to extradite him when he was in custody in Texas, "also have to be analyzed as far as whether or not this speedy trial issue was solely due to [his] consent." In response, the state contended that defendant was completely aware of the prosecutions that were being pursued against him and that, based primarily on *State v. Gill*, 192 Or App 164, 84 P3d 825, *rev den*, 337 Or 282 (2004), and *State v.*

---

[1] The "shuttle only" designation refers to a policy promulgated by the Governor's Office under which the state generally does not seek extradition of fugitives accused of Class C felonies except from states that have a cooperative shuttle arrangement with Oregon. Texas was not such a state, and defendant's warrants did not specify that an exception to the policy should be made if he were apprehended in a state other than a "shuttle state."

[2] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

*Kirsch*, 162 Or App 392, 987 P2d 556 (1999), he had consented to any delay between his failures to appear on April 15, 1999, and April 23, 1999, and his ultimate arrest on July 18, 2008.

The trial court denied defendant's motion to dismiss the DWR charges and the DUII charge, reasoning, in part, that defendant's statutory speed trial rights were not violated because defendant, "by all of his actions, by failing to appear multiple times, by fleeing the state, by knowing people were looking for him, and remaining in an area where he knew the State would not extradite him, consented to the delay." Following a bench trial on September 5, 2008, defendant was convicted of the charges.

On appeal, defendant argues, in effect, that his failure to appear at court proceedings in the DWR case and the DUII case, which were each initiated by information, does not constitute consent under ORS 135.747 to any delay in the prosecutions initiated by the subsequently filed indictments in his cases, and, therefore, the period of delay between the filing of the indictments and his ultimate arrest in Oregon is attributable to the state. Defendant also contends that, regardless of the effect of the subsequently filed indictments, the delay after the state's decisions not to extradite him when it was notified that he was in custody in Texas is attributable to the state and is, accordingly, unreasonable. Further, defendant argues that his speedy trial rights under Article I, section 10, of the Oregon Constitution and the Sixth Amendment to the United States Constitution were violated by the delay.

The state responds that defendant consented to the delay between his failure to appear in both cases and his ultimate arrest, and, because defendant did not keep the court informed of his location, the state's decisions not to extradite him did not vitiate his consent. As to defendant's constitutional arguments, the state contends that the absence of delay attributable to the state and the absence of prejudice to defendant preclude any constitutional violation. For the reasons that follow, we agree with defendant.

Because a defendant's remedy for the deprivation of a speedy trial under Article I, section 10, and the Sixth

Amendment is dismissal with prejudice, *State v. Harberts*, 331 Or 72, 81, 11 P3d 641 (2000), we normally consider those arguments before considering a defendant's statutory arguments for dismissal, *State v. Coulson*, 243 Or App 257, 264 n 4, 258 P3d 1253 (2011). That is so because the state may refile charges that have been dismissed under ORS 135.747, depending on the type of crime and whether the applicable statute of limitations has run. ORS 135.753(2) (providing that felonies and Class A misdemeanors may be reprosecuted if dismissed under ORS 135.747); *State v. Bigelow*, 197 Or App 441, 445, 106 P3d 162, *rev den*, 339 Or 544 (2005). But, when reprosecution of the dismissed charges is barred by the statute of limitations, complete relief is also available to a defendant under ORS 135.747, and, in those situations, we begin our analysis with the statute. *Bigelow*, 197 Or App at 445. Here, defendant's DWR charges were Class C felonies, and his DUII charge was a Class A misdemeanor. Even assuming that the applicable statute of limitations for the felonies and misdemeanor—three and two years, respectively, ORS 131.125(6)—could be extended by the three-year maximum under ORS 131.145 and ORS 131.155 because he was not a resident of Oregon while he was in Texas, more than six years have passed since the latest offense was committed, which was on March 5, 1999. Therefore, the charges cannot be reprosecuted if they are dismissed under ORS 135.747, and we begin, and end, our analysis with defendant's statutory argument.

We review the denial of a motion to dismiss on statutory speedy trial grounds for legal error. *State v. Garcia/ Jackson*, 207 Or App 438, 440, 142 P3d 501 (2006). To determine whether a delay is reasonable under ORS 135.747, a court employs a two-part test. First, the court determines the duration of delay attributable to the state by taking the total duration of delay and subtracting from that duration the period of delay a defendant consented to or requested. *Garcia/Jackson*, 207 Or App at 444. Any delay following a defendant's knowing failure to appear at a mandatory court appearance constitutes consent to that delay. *Coulson*, 243 Or App at 265; *State v. Coulombe*, 228 Or App 211, 215, 206 P3d 1161 (2009). "If the delay attributable to the state is longer than ordinarily would be expected, we determine the

reasonableness of the delay by examining the attendant circumstances." *Coulombe*, 228 Or App at 215 (internal quotation marks omitted). In this case, the crucial inquiries are whether defendant consented to any part of the delay and, if so, to what part of the delay did defendant consent.

We recently addressed a similar factual scenario in *Coulson*. In *Coulson*, the defendant was cited for unauthorized use of a vehicle (UUV) on November 2, 2002, and was instructed, in the citation, to appear for arraignment in court on December 2, 2002. Based on the November 2 incident, the state indicted the defendant on November 19 on the UUV charge and two additional charges, and the trial court issued an arrest warrant on the indictment, which was withheld until the defendant's December 2 arraignment. The defendant failed to appear for the arraignment, and the defendant's name was entered into the NCIC database. The state was notified on numerous occasions that the defendant was in custody in California, but it refused to extradite the defendant because the defendant's warrant was a "shuttle only" warrant. The defendant was ultimately apprehended in Oregon nearly five and one-half years after the defendant's failure to appear at his arraignment. The defendant moved to dismiss the case on speedy trial grounds, and the trial court granted the motion.

The state appealed, and, in response, the defendant argued, in part, that the trial court had correctly granted the motion to dismiss because the November 2 citation and the November 19 indictment began separate prosecutions against him for purposes of the speedy trial statute and, therefore, he had not consented to delay of the proceedings on the indictment, about which he had not been informed, when he failed to appear for arraignment on the citation. We agreed and held that, "where a defendant fails to appear pursuant to a citation without knowledge of a subsequent indictment, that failure to appear cannot constitute consent to delay of trial of the offenses charged by the indictment." *Coulson*, 243 Or App at 267 (emphasis omitted). Essentially, when a defendant is indicted subsequently to the original charging instrument—*e.g.*, the November 2 citation in *Coulson*—and the defendant has no knowledge of the indictment, a failure to appear on the original charging

instrument cannot constitute consent to delay of trial on the indictment. *See id.* at 272 ("[E]ven if a prosecution commences for speedy trial purposes with the issuance of a citation, as opposed to an information, in this case the indictment began a new prosecution for speedy trial purposes." (Emphasis omitted.)).

In the DWR case, defendant failed to appear at a mandatory court appearance in the prosecution initiated by the information, the original charging instrument, on April 15, 1999, and was ultimately apprehended in Oregon on July 18, 2008—a total delay of about 110 months. The state indicted him subsequently to the filing of the information, but before his failure to appear, on April 9, 1999, for felony DWR—the only charge stemming from his January 20 arrest for which it appears that he was tried. The indictment began a new prosecution for speedy trial purposes. Because defendant had no knowledge of the secret indictment when he failed to appear on April 15, *see State v. Rohlfing*, 155 Or App 127, 131, 963 P2d 87 (1998) (concluding that the defendant did not consent to delay by leaving the state where "there [was] no evidence that he was aware that he had been indicted or that he moved or left the state to avoid arrest"), he did not consent to the period of delay beginning with his failure to appear and ending with his arrest on July 18, 2008. Therefore, the entire period of delay is attributable to the state.

In the DUII case, defendant failed to appear at a mandatory court appearance in the prosecution initiated by the information, the original charging instrument, on April 23, 1999, and, accordingly, the total delay between the failure to appear and his ultimate apprehension was also about 110 months. The state indicted him subsequently to the filing of the information, and his failure to appear, on February 7, 2000. Because the secret indictment also began a new prosecution for speedy trial purposes in the DUII case and defendant had no knowledge of the secret indictment, he cannot be deemed to have consented to the delay beginning with the indictment on February 7, 2000, and ending with his arrest on July 18, 2008. Therefore, of the 110-month total delay, about 101 months are attributable to the state.

We conclude that, under these circumstances, the delay attributable to the state in both cases, 110 and 101 months, is unreasonable, and, therefore, defendant's statutory speedy trial rights were violated. The court erred in denying defendant's motion to dismiss those charges. As we noted above, the statute of limitations has run on the DWR charges and the DUII charge, and, accordingly, we reverse the judgments against defendant on those charges.

Reversed.