Argued and submitted September 24; in A155648, reversed and remanded for entry of judgment of dismissal; in A155627, reversed and remanded December 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT SCOTT BURKETTE,
*Defendant-Appellant.*

Washington County Circuit Court
D103552M, D114855T;
A155627 (Control), A155648

364 P3d 10

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

GARRETT, J.

## GARRETT, J.

In this consolidated appeal, defendant appeals his conviction for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, and a probation violation judgment in another case based on that DUII conviction. He assigns error to the trial court's denial of his motion to dismiss his DUII case on speedy trial grounds under *former* ORS 135.747 (2011), *repealed by* Or Laws 2013, ch 431, § 1,[1] as well as the state and federal constitutions. We conclude that the delay in bringing defendant to trial was unreasonable under *former* ORS 135.747 (2011) and, therefore, reverse and remand for entry of a judgment of dismissal on the DUII conviction.[2] In light of that decision, we also reverse and remand for reconsideration the entry of the probation violation judgment.

The relevant procedural facts are not in dispute. On October 15, 2011, defendant was stopped for speeding. After failing several field sobriety tests, defendant was taken to a police station where he refused to submit to a breath test. Consequently, on October 19, 2011, the state filed a complaint charging defendant with DUII. At that time, defendant was

---

[1] *Former* ORS 135.747 (2011) provided:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

In 2013, the legislature repealed ORS 135.747 effective "April 1, 2014." Subsequently, in *State v. Straughan (A147718)*, 263 Or App 225, 234-35, 327 P3d 1172 (2014), we held that the repeal of ORS 135.747 does not apply to pending appeals in which the trial court denied defendants' motions to dismiss under that statute. Consequently, we apply *former* ORS 135.747 (2011) to resolve this appeal.

[2] Because a defendant's remedy for speedy trial violations under the state and federal constitutions is dismissal with prejudice, we normally consider those arguments before reaching a defendant's statutory claims for dismissal. *State v. Loza*, 244 Or App 71, 75-76, 260 P3d 555 (2011). That is so because the state may refile charges that have been dismissed pursuant to ORS 135.747 for certain crimes. ORS 135.753(2) (explaining that felonies and Class A misdemeanors may be reprosecuted after dismissal under ORS 135.747). However, "when reprosecution of the dismissed charges is barred by the statute of limitations, complete relief is also available to a defendant under ORS 135.747, and, in those situations, we begin our analysis with the statute." *Loza*, 244 Or App at 76. Here, the state is barred from recharging defendant by the applicable two-year statute of limitations for DUII. Thus, we resolve this appeal by addressing defendant's statutory argument, which is dispositive.

on probation for an earlier harassment conviction, the conditions of which required him to "obey all laws" and to abstain from consuming or possessing alcohol. Based on the DUII charge, the state initiated concurrent proceedings to revoke defendant's probation.

Defendant was arraigned on the DUII charge on October 26, 2011. The first pretrial hearing took place on November 28, 2011, and, at defendant's request, a second pretrial hearing was held on December 12, 2011. Defendant's first trial date was set for March 1, 2012. In February, however, defendant requested a continuance to accommodate his counsel's trial schedule. That request was granted and a new trial date was set for April 4, 2012. The state subsequently requested a new date because of a scheduling conflict with one of its expert witnesses. The trial court granted the state's request, but instructed the state to "choose a date— no more resets." The third trial date was set for June 21, 2012. That morning, however, the state moved to amend the complaint to allege an additional theory of DUII. Defendant objected. The trial court indicated that it would allow the amendment only if the state agreed to continue the trial to allow defendant additional time to prepare his defense to the amended charges. The state agreed, and the fourth trial date was set for October 4, 2012.

When the trial date arrived, defendant moved to disqualify the assigned trial judge pursuant to ORS 14.250 (providing that "no judge * * * shall sit to hear or try any suit, action, matter or proceeding when it is established * * * that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge"). The court granted defendant's motion and reset the trial for January 9, 2013, explaining that there was "no judge available" until then. The court also noted that some of the resultant delay was "certainly attributable to the defense." Several weeks before January 9, the state moved for a "short reset" after finding out that one of its key witnesses had taken medical leave. That request was granted, and, although the state indicated that it would be ready to proceed as early as January 23, the sixth trial date was set for April 9, 2013. The record does not reflect a reason for that extended delay.

Eight days before that sixth scheduled trial date, defendant announced his intention to present additional evidence in the form of an expert report and testimony regarding defendant's past brain trauma. The state moved for another reset so that it could consult with its own expert and prepare a response. The state also noted that this would likely increase the length of the trial, and cited a resulting potential schedule conflict for one of its witnesses. The trial court granted the state's motion to reset, and the seventh trial date was set for June 12, 2013.

In May 2013, the trial court denied defendant's request for a continuance. Defendant renewed his motion with the consent of the state after learning that one of the state's witnesses was also unavailable on June 12. The court granted that motion and rescheduled the trial for July 16, 2013. Several days before that scheduled trial date, however, the court announced another reset to September 24, 2013, citing "judicial availability."

When the parties reconvened on September 24, 2013, defendant moved for dismissal of his case pursuant to Oregon's speedy trial statute, *former* ORS 135.747 (2011), as well as the state and federal constitutions. As noted, that statute provided:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The court indicated that it believed that the legislature had repealed the speedy trial statute, but granted a continuance to allow the parties to submit briefs on the issue of whether defendant's speedy trial rights had been violated. (Defendant stipulated that that time for briefing would not be counted for the purposes of calculating the total delay in this case.)

In his motion to dismiss for speedy trial violations, defendant argued again that he was entitled to dismissal of his case under *former* ORS 135.747 (2011), as well as Article I, section 10, of the Oregon Constitution and the

Sixth Amendment to the United States Constitution. The state responded, incorrectly, that the 2013 repeal of ORS 135.747 "took effect on June 18, 2013," rather than April 1, 2014, leaving defendant with only a constitutional remedy. Moreover, the state maintained that the total delay in this case—calculated by the state as 725 days—was reasonable because it was largely a product of insufficient judicial resources and witness unavailability. Of that delay, the state attributed 254 days to defendant, 127 days to "routine scheduling," and 344 days to the state.

On October 16, 2013, the trial court denied defendant's motion on constitutional grounds, concluding that the total delay of approximately 23 months was not unreasonable under the circumstances of this case. With regard to allocating responsibility for the delay, the trial court explained as follows:

"[H]ow I've gotten there is a little bit different[] than the state, I attribute 385 days to the state, and I attribute I think probably not 254 [to defendant] because I don't necessarily include the 90 days that the state does in regards to [defendant's motion for a new trial judge under ORS 14.250]. But essentially, I get still to, you know, about seven months in delay would be attributable to the defense in this situation. And some of those that are attributable to the state are as a result of some things done by the defendant. For example, the late notice regarding the expert. * * * [T]hat information should have been given to the state sooner than later * * * and it wasn't.

"And so that period of delay, although I attributed in my math to the state, I really should be attributing that it is not unreasonable delay. Does that make sense? What I'm trying to do is tell you that although there's 385 days here that I attribute [to] the state, I don't find those delays necessarily to be unreasonable. I don't find it unreasonable for the 97 day delay when the defendant says, look, I don't think I can get a fair trial in front of [the assigned trial judge]. Therefore, I'm affidaviting him, and therefore, no judges are available at that point in time. I think that's not an unreasonable delay when we consider as [defense counsel] so accurately articulated the fact that, you know, at some point in time we have to do our work with whatever resources the Legislature has given to us."

The trial court elaborated further on the lack of judicial resources:

> "And in this situation here * * * we've gotten one judge in the last, I guess it's been a decade now. * * * We have been essentially in the top five in the Graves Commission * * *. And yet, then at no point in time has our county been given the judges that would be able to then do these types of cases in what, at least I believe, they should be done in less than a year, I think is the goal we should [be] looking at in trying to get accomplished here. And this is, essentially, nearly a two year old case."

The court declined to consider defendant's statutory argument under *former* ORS 135.747 (2011), reasoning that such an analysis was no longer required because of the statutory repeal. Significantly, however, the court indicated that if it *had* applied that statutory framework, "this case would be dismissed."

After a stipulated facts trial held that same day, defendant was convicted of DUII. At sentencing, the state argued that, by virtue of his actions in this case, defendant had also violated his probation in the harassment case in two distinct ways—by committing another crime (DUII) and by possessing and consuming alcohol. The court acknowledged that defendant had failed to abstain from consuming alcohol, but ultimately concluded that defendant had violated his probation by failing to "obey all laws." Thus, the court entered a probation violation judgment that extended defendant's probation in the harassment case for an additional two years.

On appeal, defendant contends that the trial court erred when it denied his motion to dismiss under *former* ORS 135.747 (2011). Notably, the state now concedes that the trial court was mistaken as to the effective date for the repeal of *former* ORS 135.747 (2011), which led the court to conclude that defendant had no remedy under that statute. The statute remained in effect at all times relevant to this case; defendant is, therefore, entitled to have his case dismissed if we conclude that his statutory speedy trial rights were violated. Reviewing for legal error, *State v. Johnson*, 339 Or 69, 82-87, 116 P3d 879 (2005), we do so conclude (and note, again, that the trial court agreed and stated that it would have granted defendant's motion if the statute applied).

Our analysis under *former* ORS 135.747 (2011) proceeds in two steps. First, we determine the delay that is attributable to the state by subtracting from the total delay "any periods of delay that defendant requested or consented to." *State v. Glushko/Little*, 351 Or 297, 305, 266 P3d 50 (2011). A defendant consents to a delay "only when the defendant expressly agrees to a postponement requested by the state or the court." *Id.* at 315. Second, if the remaining period of delay is longer than ordinarily would be expected to bring a defendant to trial, we determine whether that delay is reasonable. *State v. Blevins*, 263 Or App 603, 606, 330 P3d 650 (2014). In doing so, we consider "all the attendant circumstances." *Glushko/Little*, 351 Or at 315-16; *see also Johnson*, 339 Or at 88 ("[T]he circumstances that cause the delay generally will determine whether the delay (and thus, the overall time period for bringing the defendant to trial) is reasonable.").

Our review in this case is made easier by the parties' agreement on several material issues, including the amount of delay attributable to the state, which the state now concedes is even greater than what the trial court calculated. Defendant was charged by complaint on October 19, 2011, and brought to trial two years later, on October 16, 2013. On appeal, the parties agree that the state was responsible for 624 days (approximately 21 months) of the total delay. That total delay consists of the following segments: 41 days from the filing of the complaint to the first pretrial hearing; 79 days between the second pretrial hearing and the first scheduled trial date; 78 days between the second and third trial dates; 105 days between the third and fourth trial dates; 97 days between the fourth and fifth trial dates; 90 days between the fifth and sixth trial dates; 64 days between the sixth and seventh trial dates; and 70 days between the eighth and ninth trial dates.[3]

As noted above, the trial court arrived at a different conclusion with respect to the amount of state-caused delay. That conclusion apparently was based, in part, on

---

[3] Although the parties calculate some of the individual periods of delay slightly differently, we view those differences as immaterial in light of the parties' agreement that 624 days of total delay are attributable to the state.

several contentions by the prosecutor that the state no longer urges on appeal. First, the prosecutor argued below that court-imposed delays for "routine scheduling" are not attributable to the state. As the state now acknowledges, however, "for purposes of ORS 135.747, 'the state' is a unitary political entity that includes the courts as well as the executive and legislative branches, and, thus, court-related delays are attributable to the state." *State v. Myers*, 225 Or App 666, 671 n 3, 202 P3d 238, *rev den*, 346 Or 184 (2009). Consequently, any delay that the defendant did not request or consent to is "part of the period included in the statutory calculation of reasonableness." *State v. Spicer*, 222 Or App 215, 221, 193 P3d 62 (2008). The prosecutor also used defendant's arraignment date as the starting point in his calculations. But, as the state again acknowledges on appeal, the starting point for our analysis under *former* ORS 135.747 (2011) is the date that defendant was *charged* with a crime. *Blevins*, 263 Or App at 607; *see also State v. Murr*, 254 Or App 456, 463, 295 P3d 122, *rev den*, 353 Or 788 (2013) ("[A] defendant is 'charged with a crime' for the purposes of [*former*] ORS 135.747 when an accusatory instrument is filed—either a complaint that is filed as part of the citation or a separately filed complaint or information."). On appeal, the state has adjusted its calculations of state-caused delay to reflect those principles. We accept the state's amended calculations (with which defendant agrees) and conclude that the net "unconsented" delay in this case was approximately 21 months.[4]

A delay of 21 months substantially exceeds expectations for bringing a case of this type to trial. *See State v. Hall*, 265 Or App 279, 284, 335 P3d 311 (2014) (concluding that a 16-month delay is "greater than what would be expected to resolve a misdemeanor charge"). Thus, the remaining issue is whether that delay was reasonable for the purposes of *former* ORS 135.747 (2011). In assessing the reasonableness of a delay, we examine the attendant circumstances,

---

[4] Although we are generally bound by a trial court's factual findings on appeal, that is true only if those findings are supported by the record. *State v. Garcia/Jackson*, 207 Or App 438, 445, 142 P3d 501 (2006). Here, the record does not support the trial court's findings, but rather, confirms what the parties assert on appeal—that the total delay attributable to the state was 624 days.

including the "reasons for the delay, the length of the total delay attributable to the state, and the length of any portion of the delay that was unjustified." *Myers*, 225 Or App at 674, 677 ("[T]he acceptability of the total delay in a case is influenced by the extent to which it is justified. The longer the total delay is, the shorter any unjustified portion may be."). At some point, however, our focus shifts away from whether the various postponement requests and decisions are individually justifiable to whether the overall period of time to bring the defendant to trial is reasonable. *State v. Adams*, 339 Or 104, 111-12, 116 P3d 898 (2005).

We are presented with several separate periods of state-caused delay in this case. At the outset, we easily conclude that the four-month delay from the date that defendant was charged with DUII, October 19, 2011, to the first date scheduled for trial, March 1, 2012, was justifiable. In the interim, the trial court held two pretrial conferences, the second of which was held at the request of defendant (and, therefore, not attributable to the state). Thus, the state is responsible for 120 days of the remaining delay, or approximately four months. We have held that a delay of several months after the filing of the charging instrument is routine and, ordinarily, requires no additional justification. *See Myers*, 225 Or App at 677 (routine scheduling delays "that are always present" are justified); *State v. Dixon*, 224 Or App 66, 75, 197 P3d 1106 (2008), *rev den*, 346 Or 10 (2009) (explaining that six months of "routine delays"—including a one-month period from indictment to arraignment and a four-month delay between the first court appearance and the first scheduled trial date—were reasonable).

We next consider the periods of delay attributable to the state as a result of judicial unavailability. We have previously explained that, although some such delays can be justified, the record of the case must demonstrate "precisely how an overcrowded docket contributed to the period of delay at issue." *Dixon*, 224 Or App at 74. Moreover, delays attributable to a lack of judicial resources "will, at some point, become unreasonable." *Id.* Here, between October 4, 2012 and January 9, 2013, the case was delayed by defendant's ORS 14.250 disqualification of the assigned trial judge and a lack of other available judges. As noted, at the

hearing on defendant's speedy trial motion, the trial court explained that only one new judge had been appointed to the court within the last decade, making it increasingly difficult for cases to be tried in "less than a year." Under the circumstances of this case, we conclude that the trial court's explanation of the unavailability of judges to try defendant's case was sufficient to justify that 97-day delay.

We reach the opposite conclusion with respect to the second delay caused by a lack of judicial resources—the 70-day period from July 16, 2013 to September 24, 2013. That delay occurred just days before the eighth date set for trial, when defendant's case was almost 19 months old. The trial court's explanation for that delay consisted of a single statement: "This is a court reset based on judicial availability." Our case law suggests that, at a minimum, a more substantive explanation is necessary to justify an additional delay of a case that has already been pending for as long as defendant's. *See Blevins*, 263 Or App at 612 ("[W]here the general demand of other matters on the docket is an asserted justification for taking no action in a case that has already been substantially prolonged, we have found the resulting delay unreasonable where 'the record does not otherwise show why [the] defendant's case * * * was not given higher priority.'" (Citations omitted.)). Under the circumstances of this case, without more information about the need for that additional 70-day period of delay, we are unable to conclude that it was justifiable.

Next, we consider the 168 days of delay attributable to the state as a result of witness unavailability (78 days between April 4, 2012 and June 21, 2012, and 90 days between January 9, 2013 and April 9, 2013). As noted, the first of those delays was caused by a scheduling conflict with the state's expert witness on the date scheduled for trial. The second delay was caused, in part, by the unavailability of a key state witness on January 9, 2013. Although the state had requested a short reset, the trial was rescheduled for April 9, 2013—approximately three months later. We have acknowledged that some scheduling delays as a result of witness unavailability are to be expected. *State v. Peterson*, 252 Or App 424, 430, 287 P3d 1243 (2012). Moreover, we have been presented with no reason to conclude that the

state's requests in this case were not justified under the circumstances.

We conclude that the longest individual delay in this case—the 105-day period from June 21, 2012 to October 4, 2012—was unjustified. Again, that delay resulted from the state's request on the morning of trial to amend the complaint to allege an alternative theory of DUII. The state concedes that that delay is attributable to the state and that it was unjustified. We accept that concession.

Finally, the period of delay between April 9, 2013 and June 12, 2013, although attributable to the state, was triggered by defendant's disclosure, just eight days prior to the date set for trial, of an expert witness and report pertaining to defendant's brain trauma. Under those circumstances, we conclude that the delay of 64 days to allow the state to prepare a response was justified.

To summarize, we conclude that, of the 21 months of delay attributable to the state in this case, more than five-and-one-half months of that delay is inadequately explained by the record and, therefore, unreasonable. Moreover, the state fails to provide any explanation for the single longest delay in this case—the period of more than three months that followed the state's request to amend the complaint on the morning of the third scheduled trial date. In addition, unlike in cases where we have found the delay to be reasonable, here, a significant portion of the delay was incurred at the request of the state. *Cf. Dixon*, 224 Or App at 74-76 (concluding that a total delay of 14 months was reasonable where each period of individual delay was adequately explained and "not prompted by a request of the prosecution").

The view that the delay in this case was unreasonable is consistent with our case law. *See Adams*, 339 Or at 111-12 (a delay of approximately 23 months due to a lack of judicial resources was unreasonable because "at some point, the focus must shift away from whether the various postponement requests and decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is reasonable *in toto*" (emphases in original; citations omitted)); *Peterson*, 252 Or App 424 (a cumulative pretrial delay of 19 months for misdemeanor DUII was unreasonable

where five months were attributable to court scheduling error); *Garcia/Jackson*, 207 Or App at 451 (a total delay of 22 months was unreasonable where that delay approached the statute of limitations for the crime with which the defendant was charged).

The state cites *Myers* in support of its argument that the delay in this case was reasonable because the state was "actively prosecuting" the case. *See Myers*, 225 Or App at 677-78 (18-month delay attributable to the state was justified where "the case was before the court for conferences and hearings at least every two to four months" and each period of delay was justified). *Myers* might be more availing if, as in that case, each period of delay here were adequately explained and justified. As we have already concluded, however, several months of the delay in defendant's case are not explained at all, and the magnitude of that unexplained delay becomes compelling in the context of a total delay (21 months) that exceeds what is typical for a case of this type. Accordingly, we conclude that defendant was entitled to dismissal under *former* ORS 135.747 (2011).

As previously noted, the same conduct that led to defendant's conviction for DUII also formed the basis for the trial court's entry of a probation violation judgment on defendant's prior harassment conviction. At sentencing, the trial court explained that that judgment was based on defendant's failure to "obey all laws." However, the court did not specify whether it would have arrived at the same conclusion in the absence of defendant's conviction for DUII, on the alternative ground presented at sentencing, that defendant had consumed alcohol in violation of another condition of that probation. We, therefore, reverse the probation violation judgment and remand to the trial court for reconsideration in light of the reversal of defendant's DUII conviction. *See State v. Milnes*, 256 Or App 701, 710, 301 P3d 966 (2013) (reversing and remanding for reconsideration a probation revocation judgment that was predicated, in part, on the defendant's conviction for an offense that was overturned on appeal); *State v. Brown*, 53 Or App 666, 669, 633 P2d 20 (1981) (where a defendant's robbery conviction was the primary, if not sole basis for the revocation of his probation, remand to the trial court was appropriate in light of

the decision to vacate the robbery conviction). "If on remand the trial court finds that the rehabilitative purposes of probation were not being served, it may exercise its discretion accordingly." *Brown*, 53 Or at 669.

In A155648, reversed and remanded for entry of judgment of dismissal. In A155627, reversed and remanded.