DEHOOG, P. J.
*446 Defendant appeals two judgments arising from a single probation revocation proceeding, in which the trial court revoked defendant's probation and imposed a total of 31 months in prison followed by 36 months' post-prison supervision. Defendant's sole assignment of error raises the question of when a court may find that a defendant has violated the general condition of probation requiring that a probationer "[r]eport as required and abide by the direction of the supervising officer." ORS 137.540(1)(m) (emphasis added). We conclude that a probationer fails to "abide by the direction of the supervising officer" only when the direction at issue directly relates to the reporting requirement imposed by that condition. Because the direction here was unrelated to the reporting requirement, we reverse and remand.
Defendant was convicted of public indecency, ORS 163.465(2)(b), possession of methamphetamine, ORS 475.894, and harassment, ORS 166.065(3). The trial court sentenced defendant to probation and imposed all of the general conditions of probation listed at ORS 137.540(1), as well as certain special conditions not at issue on appeal. Defendant subsequently agreed to an "action plan" prepared by his probation officer. Among other things, the plan stated: "You must stay at the Medford Building each night and follow the curfew there[:] 9:00 pm. Follow all program *270 rules."[1] Defendant moved into the Medford Building as directed, but soon violated the curfew and other Medford Building rules, including a prohibition regarding the use of controlled substances. As a result, the Medford Building discharged defendant, preventing him from staying there as contemplated by his action plan and leading to the probation violation proceedings at issue in this case.
In its motion to revoke probation, the state alleged that defendant had violated two of the general conditions of probation by (1) failing to "abide by the direction" of his probation officer, ORS 137.540(1)(m), and (2) using controlled *447 substances, ORS 137.540(1)(b). As to the first allegation, the state contended that defendant had failed to abide by the direction of his probation officer by violating the terms of the action plan requiring him to stay at the Medford Building. In response, defendant argued that the condition in ORS 137.540(1)(m), which requires that a probationer "[r]eport as required and abide by the direction of the supervising officer," does not authorize probation officers to impose special conditions of probation unrelated to the reporting requirement. Implicitly rejecting that argument, the trial court specifically found defendant "in willful violation of his probation for failure to abide the directives of his P.O.," found that the state had also proved its other allegation regarding controlled substances, and revoked defendant's probation.
Defendant appeals, raising the same argument he made to the trial court. Before addressing the merits of that argument, we first consider the state's argument that defendant's appeal is moot. The state argues that, because defendant is currently on post-prison supervision that will expire before the expiration date of his original probation, a decision from this court "will no longer have a practical effect on the rights of the parties." State v. K. J. B. , 362 Or. 777, 785, 416 P.3d 291 (2018) (internal quotation marks omitted). We understand the state's argument to be that, because there is no meaningful difference between probation and post-prison supervision for defendant, a decision on appeal returning him to probation-and for a term longer than his remaining time on post-prison supervision-would be of no benefit to him. As the Supreme Court recently made clear in K. J. B. , however, a party moving for dismissal on mootness grounds carries the burden of establishing that a case is moot. Id. Here, because the state has not provided us with an adequate basis on which to evaluate its mootness argument, the state has not satisfied its burden.
Specifically, the state has not provided us with a copy of the terms of defendant's post-prison supervision; as a result, we cannot determine whether those terms are more onerous than the conditions of his original probation, nor can we determine whether there are other practical distinctions between his former status as a probationer and his status as a post-prison supervisee. We do note that, while a sentencing *448 court retains ongoing control over the conditions and consequences of probation, it loses that control once an individual is placed on post-prison supervision; at that point, it is the Board of Parole and Post-Prison Supervision, and not the trial court, that may, without judicial oversight, modify the conditions of supervision, ORS 144.102(2), and sanction violations, ORS 144.106(4). Defendant therefore has an arguable interest in being returned to probation, even if another person in his position might reasonably choose to accept the shorter term of post-prison supervision. As a result, we conclude that the state has not established that this matter is moot. See State ex rel. Juv. Dept. v. Garcia , 180 Or. App. 279, 285-86, 44 P.3d 591 (2002) (appeal from delinquency adjudication not moot, even though youth had been released from correctional facility, because youth was subject to "a condition of parole that would not exist but for the commitment" and had lost his "statutory entitlement to a judicial hearing" before he could be placed in a correctional facility for a future parole violation). *271 Turning to the merits, we review the trial court's conclusion that defendant violated ORS 137.540(1)(m) for errors of law. State v. Stroud , 293 Or. App. 314, 318, 428 P.3d 949 (2018) ("Whether there is sufficient evidence in the record to satisfy the state's burden [to prove that defendant violated a condition of probation] is a legal question.").
Defendant argues that this case is controlled by our recent decision in State v. Rivera-Waddle , 279 Or. App. 274, 379 P.3d 820 (2016). Like defendant, the defendant in Rivera-Waddle was convicted of a felony and sentenced to a term of probation that included the condition that she "[r]eport as required and abide by the direction of the supervising [probation] officer." Id. at 275, 379 P.3d 820 (bracketed material in original). The defendant also signed an action plan, prepared by her probation officer, in which she agreed to abstain from the use of intoxicants. Id. The state subsequently moved to revoke the defendant's probation on the ground that the defendant had violated multiple conditions of probation; the state's allegations included the defendant's "failure to abstain from the use of intoxicants, * * * failure to abide by the probation officer's 'direction,' and * * * failure to report to the probation officer at designated times." Id. The trial *449 court revoked the defendant's probation after finding that she had violated the conditions of her probation "in all * * * particulars alleged." Id. at 276, 379 P.3d 820. On appeal, the defendant argued that the trial court had plainly erred in revoking her probation, because, in her view, the "purported condition requiring her to abstain from intoxicants was imposed by the probation officer and probation [could not] be revoked based on a violation of a condition that the court itself did not impose." Id. at 277, 379 P.3d 820.
We agreed that the trial court had plainly erred in revoking the defendant's probation. We concluded that the condition requiring the defendant to abstain from the use of intoxicants was "invalid," because it was not a condition imposed by the sentencing court; rather, it was a condition that her probation officer had purported to impose after sentencing "pursuant to a catch-all provision that she '[r]eport as required and abide by the direction of the supervising officer,' " i.e. , ORS 137.540(1)(m). Id. at 279, 379 P.3d 820. Relying on earlier cases recognizing that a probation officer's authority is derivative of-and not in addition to-the sentencing court's, we held that the defendant could not be found in violation of a condition that the sentencing court had not imposed. Id. at 278-79, 379 P.3d 820. Moreover, the trial court's error in considering that condition was not harmless, because we could "not tell from the court's ruling whether it would have revoked defendant's probation if it had considered only those allegations that could legally provide the basis for revocation." Id. at 280, 379 P.3d 820 (internal quotation marks omitted). Thus, we exercised our discretion to correct the error and remanded to the trial court "for reconsideration in light of the other * * * potential bases for revocation." Id.
Although Rivera-Waddle provides helpful guidance, we disagree with defendant's contention that it is controlling here. In Rivera-Waddle , the trial court had revoked probation partly on the ground that the defendant had violated a specific condition that we found invalid: the probation-officer-imposed requirement that she abstain from using intoxicants. Id. at 279, 379 P.3d 820. Here, on the other hand, the trial court expressly revoked defendant's probation for violating a court-imposed condition whose validity is not disputed: defendant's failure to "abide by the direction of the *450 supervising officer." Because, in Rivera-Waddle , our focus was on whether a probation officer lawfully could impose a condition that the sentencing court had not, we did not consider whether the requirement that the defendant abstain from using intoxicants had effectively been imposed by the sentencing court, i.e. , whether that requirement might be viewed as a "direction of the supervising officer" with which the court had ordered the defendant to "abide." This case raises the question left unaddressed in Rivera-Waddle : When is a requirement imposed by a probation officer not an invalid, post-sentencing condition, but, rather, a lawful direction of the probation officer with which the probationer must abide under the general conditions of probation? *272 That question requires us to construe the phrase "abide by the direction of the supervising officer" as it appears in ORS 137.540(1)(m), language that we noted but did not directly address in Rivera-Waddle . See id . More specifically, we must determine whether defendant's failure to comply with the terms of the action plan requiring him to stay at the Medford Building is sufficient to constitute a violation of the court-imposed general condition that defendant "[r]eport as required and abide by the direction of the supervising officer."
To determine the legislature's intended meaning, we examine the text and context of ORS 137.540(1)(m) and, if helpful, its legislative history. See State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009) (stating that interpretive methodology). Consistent with Rivera-Waddle , the state does not advance a particularly broad construction of "abide by the direction," such that a probation officer might impose any condition that he or she deems appropriate under the circumstances. Rather, the state acknowledges that the text of ORS 137.540(1)(m) ("[r]eport as required and abide by the direction of the supervising officer") suggests that the type of "direction" it authorizes probation officers to impose-and that the court may enforce through probation violation proceedings-"should generally relate to a probationer's reporting requirements." We agree. "It is a familiar rule that the meaning of words in a statute may be clarified or confirmed by reference to other words in the same sentence or provision."
*451 Goodwin v. Kingsmen Plastering, Inc. , 359 Or. 694, 702, 375 P.3d 463 (2016). Further, given the long list of general conditions set forth in ORS 137.540(1)(a) to (q), it appears likely that, if the legislature had intended to grant probation officers broad discretion to impose additional requirements on probationers, it would have done so expressly, in a separately stated provision. Instead, the legislature opted to combine the "abide by the direction" provision with a specific requirement relating to reporting.[2] In that regard, ORS 137.540(1)(m) is rather similar to a number of other general conditions requiring the probationer to take some action "as directed" by, or "at the direction of," the supervising officer. See, e.g. , ORS 137.540(1)(n) ("If recommended by the supervising officer, successfully complete a sex offender treatment program approved by the supervising officer and submit to polygraph examinations at the direction of the supervising officer * * *[.]"); ORS 137.540 (1)(o) ("Participate in a mental health evaluation as directed by the supervising officer and follow the recommendation of the evaluator."). In that context, the "abide by the direction" requirement of ORS 137.540(1)(m) is most naturally read to relate exclusively to the directly associated reporting requirement.
A broad interpretation of ORS 137.540(1)(m) would also conflict with ORS 137.540(9), which provides a specific process by which a probation officer seeking to impose additional requirements on a probationer may do so by requesting the court to modify the conditions previously imposed:
"When the court orders a defendant placed under the supervision of the Department of Corrections or a community *452 corrections agency, the supervising officer may file with the court a proposed modification to the special conditions of probation. The supervising officer shall provide a copy of the proposed modification to the district attorney and the probationer."
*273 ORS 137.540(9)(b) ; see also ORS 137.540(2)(b)(B) (as a special condition of probation, court may require the probationer to "[c]omply with any special conditions of probation that are imposed by the supervising officer in accordance with subsection (9) of this section"). Given that legislatively created mechanism for adding conditions that a probation officer deems appropriate-a process involving judicial oversight-construing ORS 137.540(1)(m) to permit probation officers to unilaterally impose new conditions without court approval would defeat the apparent purposes of that related provision. See ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."); cf. State v. Mayes , 220 Or. App. 385, 394-95, 186 P.3d 293 (2008) (noting that we will seek to avoid construing a statute in a manner that tends to defeat its purpose). We conclude that ORS 137.540(1)(m) must be read as a whole: A probationer fails to "abide by the direction of the supervising officer" within the meaning of that provision only when the officer's direction relates to the requirement that the probationer "[r]eport as required."
That conclusion leads us to the question of whether the probation officer's direction in this case, requiring defendant to stay at the Medford Building, was sufficiently related to ORS 137.540(1)(m)'s reporting requirement to make it an enforceable obligation under that provision. In arguing in support of that conclusion, the state reasons that a probation officer's "carefully drawn directions about where and on what terms to stay at a transitional housing facility in the short term" are appropriate "directions" under ORS 137.540(1)(m), because they facilitate the reporting requirement-that is, a probationer living in a controlled setting subject to strict rules of conduct is more likely to meet with his or her probation officer as required. As contextual support, the state points to the duties of probation officers as outlined in ORS 137.630(1), which include "provid[ing]
*453 release assistance," "keep[ing] informed concerning the conduct and condition of persons under their supervision by visiting, requiring reports and otherwise," and "us[ing] all suitable methods, not inconsistent with the condition[s] of probation or program participation, to aid and encourage persons under their supervision and to effect improvement in their conduct and condition." ORS 137.630(1)(c), (e), (f).
In our view, the state's contextual argument conflates the imposition of conditions of probation-the violation of which would justify revocation-with a probation officer's authority and obligation to encourage compliance with conditions that are lawfully imposed. To be sure, an officer may, in furtherance of his or her duties, create an action plan such as the one in this case; if the probationer does not comply with the action plan, the officer may take remedial action, whether or not the probationer has violated a condition of probation. For example, the officer may require more frequent reporting under ORS 137.540(1)(m), or may recommend to the court that it extend probation or impose additional conditions of probation under ORS 137.540 (9)(b). See also State v. Laizure , 246 Or. App. 747, 752, 268 P.3d 680 (2011), rev. den. , 352 Or. 33, 281 P.3d 611 (2012) (court may modify or extend probation without finding that the probationer violated a condition of probation). However, nothing about the duties set forth in ORS 137.630(1) suggests-much less compels-the conclusion that, in order to perform those duties, probation officers must have been given expansive authority under ORS 137.540(1)(m) to give "direction[s]" of the kind defendant challenges here.
In light of the foregoing, we conclude that the requirement that defendant stay at the Medford Building was not an enforceable condition under ORS 137.540(1)(m) ; accordingly, the trial court erred when it concluded that defendant's failure to comply with the action plan constituted a violation of his probation. That is not to say that a probation officer has no authority to impose enforceable "directions" under that provision. It would appear to be beyond dispute that, under ORS 137.540(1)(m), a probation officer may direct a probationer as to what, where, when, and how to report, and the probationer, under penalty of being found in violation of *454 probation, must comply. Here, however, the action plan to which defendant agreed *274 bore no discernible relationship to defendant's reporting duties. It is not enough to simply say that requiring defendant to stay each night at the Medford Building and follow a curfew increased the likelihood that defendant would report as required; the same may be said of any number of conditions, including restrictions on drug or alcohol use, limits on certain associations, or even the imposition of house arrest, yet no one could credibly argue that such measures were related to reporting. And here, the action plan at issue bore no more tangible a relationship to defendant's obligation to report than would such other measures. Accordingly, we must conclude that the trial court erred in revoking defendant's probation for failing to abide by that plan.
Because the trial court revoked defendant's probation based in part on its erroneous finding that defendant had violated the general condition of probation set forth in ORS 137.540(1)(m), we reverse the judgments and remand for reconsideration in light of the other potential basis for revocation, defendant's use of controlled substances. See Rivera-Waddle , 279 Or. App. at 280-81, 379 P.3d 820.
Reversed and remanded.

According to the testimony of a corrections counselor at that facility, the Medford Building is a transitional-housing facility that offers case management and support for people on probation or parole.

As originally enacted, the "abide by the direction" condition appeared in its own paragraph: "Abide by the direction of the probation department and its representatives." Or. Laws 1981, ch. 671, § 1. However, to the extent that the earlier structure of the statute may suggest that the legislature originally intended for the "abide" provision to function as a broad grant of discretionary authority to probation officers, later amendments combining the "abide" requirement with other conditions suggest a narrower reading. In 1993, for example, the legislature combined the "abide" requirement with two other conditions, including the reporting requirement: "Permit the probation officer to visit the probationer or the probationer's residence or work site, and report as required and abide by the direction of the supervising officer." Or. Laws 1993, ch. 680, § 16. The legislature then amended the "report" and "abide" requirements to their present form in 2001: "Report as required and abide by the direction of the supervising officer." Or. Laws 2001, ch. 726, § 1.