368 October 22, 2025 No. 917

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KURTIS EUGENE AUSTIN,
*Defendant-Appellant.*

Columbia County Circuit Court
23CR06425, 23CR17057; A183146 (Control), A183147

Denise E. Keppinger, Judge.

Submitted on July 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Vacated and remanded.

## O'CONNOR, J.

Defendant appeals from judgments that revoked his probation in two consolidated criminal cases.[1] The trial court revoked defendant's probation after a hearing in which it accepted defendant's admission that he consumed intoxicants in violation of a condition of his probation, and after finding that defendant violated two additional probation conditions, which defendant now challenges. Defendant contends that the record was legally insufficient to find that he violated the general condition of probation that he "[r]eport as required and abide by the direction of the supervising officer," ORS 137.540(1)(k), and the condition of probation prohibiting him from changing his residence without prior permission, ORS 137.540(1)(e).[2] We conclude that the evidence was legally insufficient to support the trial court's determination that defendant failed to report as required, but that it was legally sufficient to prove that he violated the prohibition on changing his residence. Because the erroneous determination might have impacted the trial court's decision to revoke defendant's probation, we vacate the probation revocation judgments and remand for reconsideration.

We first address the state's contention that defendant did not preserve his first claim of error challenging the sufficiency of the evidence for the court's ruling that defendant violated the general condition of probation that he "report as required." ORS 137.540(1)(k). At the probation violation hearing, the state proceeded under a theory that defendant's intentional failure to return to transitional housing before curfew constituted a failure to report because his probation officer instructed defendant to live in transitional housing and to follow the rules of the program, which included checking in before curfew. Defendant argued in

---

[1] Defendant pleaded guilty to attempted use of a child in a display of sexually explicit conduct and encouraging child sexual abuse in the second degree (Case No. 23CR17057), as well as unlawful delivery of a marijuana item, furnishing alcohol to a person under 21, and two counts of third-degree sexual abuse (Case No. 23CR06425). He was sentenced to 36 months' probation along with, as a condition of probation, consecutive jail terms totaling 160 days.

[2] ORS 137.540(1)(e) establishes a general condition of probation that a probationer shall "[n]ot change residence without prior permission from the Department of Corrections or a county community corrections agency and inform the parole and probation officer of any change in employment."

closing that "the requirement to report as described in the general conditions of probation is a requirement that a defendant report to his probation officer. And so, I would argue that failing to report to a third party is not in violation of that condition." That argument raises the same issue defendant now raises on appeal, that is, a challenge to the legal sufficiency of the state's evidence that he failed to report as required. A sufficiency of the evidence argument made during closing argument of a proceeding in which a judge is the factfinder adequately preserves for appeal a challenge to the legal sufficiency of the evidence. *See State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003) (explaining that, when a case is tried to the court, challenging the legal sufficiency of the evidence in closing argument is equivalent to moving for judgment of acquittal). The trial court therefore had a meaningful opportunity to address the merits of defendant's argument and avoid error at the outset. *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024). Accordingly, defendant preserved the first assignment of error.

We therefore turn to the merits of defendant's challenge. "Whether there is sufficient evidence in the record to satisfy the state's burden is a legal question." *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018). In making that determination, we view the evidence in the light most favorable to the state. *State v. Butler*, 313 Or App 786, 788, 494 P3d 1031, *rev den*, 368 Or 787 (2021).

At the probation revocation hearing, defendant's supervising officer was the state's sole witness. He testified that he directed defendant to live in transitional housing, and that defendant had "a contract to reside at the transitional house, that you reside [*sic*] back to the house each and every night by 10:00 p.m." When he heard from an employee of the transitional house that defendant did not return to the house before the curfew, he contacted defendant. Defendant confirmed that he failed to return to the house before curfew, which caused him to be locked out and evicted from the house. Defendant told him that he does not like living at the transitional housing, that he does not like to be housed, and that he had acquired a tent to live in. The supervising officer also testified that he did not instruct

defendant to report for an appointment with him on that day but explained that defendant violated the terms of his probation by failing to report on the basis that "he failed to check in for his 10:00 p.m. curfew, which is failing to report as required." Defendant also testified, explaining that he knew that if he did not return to his housing by curfew, he would not be able to stay there any longer. He agreed that he intentionally evicted himself from the transitional housing, and that he did not tell anyone in advance.

The trial court found that defendant was "under an action agreement and directive to reside at the transitional house." It then reasoned that it "may be a once removed component," but that "the spirit of this is that you report as required by your [probation officer] and *** it was a very specific intention of probation that [defendant] reside at the transitional house." On the basis of those findings, it ruled that defendant had violated the general condition of probation requiring defendant to "[r]eport as required and abide by the direction of the supervising officer."

That conclusion, however, is foreclosed by *State v. Hardges*, 294 Or App 445, 432 P3d 268 (2018). In *Hardges,* we construed *former* ORS 137.540(1)(m) (2018), *renumbered as* ORS 137.540(1)(k) (2022), which sets out the general condition that a probationer "[r]eport as required and abide by the direction of the supervising officer." We explained that the condition "must be read as a whole: A probationer fails to abide by the direction of the supervising officer within the meaning of that provision only when the officer's direction relates to the requirement that the probationer report as required." 294 Or App at 452 (internal quotation marks and alteration omitted). We considered whether the defendant's admitted failure to comply with the terms of an "action plan"—which was prepared by his supervising officer and to which he agreed—constituted a violation of that general condition. *Id.* at 446. That "action plan" stated, among other things, that the defendant "must stay at [a transitional housing facility] each night and follow the curfew there ***. Follow all program rules." *Id.* The defendant moved into transitional housing, but violated curfew and other program rules, and was subsequently discharged. *Id.* We explained

that a violation of the "report as required" condition of probation can only be found when the probation officer's direction is related to the probationer's reporting obligations:

> "It would appear to be beyond dispute that * * * a probation officer may direct a probationer as to what, where, when, and how to report, and the probationer, under penalty of being found in violation of probation, must comply. Here, however, the action plan to which defendant agreed bore no discernible relationship to defendant's reporting duties. It is not enough to simply say that requiring defendant to stay each night at [transitional housing] and follow a curfew increased the likelihood that defendant would report as required; the same may be said of any number of conditions, including restrictions on drug or alcohol use, limits on certain associations, or even the imposition of house arrest, yet no one could credibly argue that such measures were related to reporting. And here, the action plan at issue bore no more tangible a relationship to defendant's obligation to report than would such other measures. Accordingly, we must conclude that the trial court erred in revoking defendant's probation for failing to abide by that plan."

*Id.* at 453-54. Because the "action plan" was unrelated to the defendant's reporting obligations, the defendant's failure to comply with the rules of the transitional housing program contained therein, as a matter of law, did not constitute a violation of the general condition established by *former* ORS 137.540(1)(m) (2018). *Id.*

We come to the same conclusion here. Here, as in *Hardges*, the evidence shows that defendant was instructed by his supervising officer to live in transitional housing, and that he entered into a written agreement to abide by the rules of the house. But the record is devoid of any evidence suggesting that defendant's failure to abide by the house rules bears any relationship to his reporting duties. As a result, his failure to return to the house before curfew is not, as a matter of law, a violation of the general condition of probation that he "report as required." ORS 137.540(1)(k); *Hardges*, 294 Or App at 453-54; *see also State v. Kelemen*, 296 Or App 184, 189, 437 P3d 1225 (2019) ("The probation officer's work crew directive did not pertain to defendant's reporting obligation and, thus, is not the type of directive

on which a violation of [*former*] ORS 137.540(1)(m) can be founded.").

      In his second assignment of error, defendant contends that the record was insufficient to prove that he violated the general condition of probation that he "[n]ot change residence without prior permission," ORS 137.540(1)(e), when he was evicted from his transitional housing. He argues, as he did below, that because his eviction was an act of a third party, he did not willfully change his residence. The trial court rejected that argument and found, based on the statements defendant made to his probation officer, that he "willfully stopped residing at the transitional house without first getting permission and notifying his probation officer." That determination is supported by the record. Defendant testified that he knew that he would be evicted from his transitional housing if he did not return before curfew. He does not now dispute that he willfully took an action that he knew would result in his eviction, and that he took that action without telling anyone in advance. As a direct result of that deliberate action, defendant changed his residence—when he next spoke to his probation officer, he was living in a tent in a different location. The record is sufficient to support a finding that defendant violated the condition of probation requiring prior approval before changing his residence. *See State v. Gray*, 280 Or App 277, 278-80, 380 P3d 1082 (2016) (trial court properly exercised its discretion to revoke probation based on a determination that the defendant violated probation when the defendant claimed he was evicted from a group home but did not contest that he changed his residence without prior permission).

      That leaves the question of disposition. We will affirm a judgment revoking probation only if we can determine that the defendant was not prejudiced by the trial court's error. *State v. Dowty*, 299 Or App 762, 774-75, 452 P3d 983 (2019), *rev den*, 366 Or 259 (2020) (recognizing that the standard for prejudicial error in the probation context is equivalent to that of harmless error in the trial context). A defendant is not prejudiced if there is "little likelihood" that the trial court's error affected the outcome of the probation revocation proceeding. *See id.* at 777. A trial court has

discretion to revoke probation when it finds a defendant committed a probation violation. *Kelemen*, 296 Or App at 192 (a trial court has "discretionary authority to revoke probation" upon the "finding of a new crime or other violation of the conditions of probation"). When a trial court finds multiple probation violations and we conclude that one of the findings was erroneous, we have consistently reversed and remanded for the trial court to exercise its discretion anew, unless the trial court indicated on the record that it would have revoked the defendant's probation even if it had not found the violation that we concluded was in error. *See, e.g.*, *State v. Rivera-Waddle*, 279 Or App 274, 280, 379 P3d 820 (2016) (reversing a probation revocation judgment and remanding for reconsideration when trial court erroneously found the defendant in violation of probation on an improper ground and there remained four other potentially valid bases for revocation); *State v. Burkette*, 275 Or App 135, 147-48, 364 P3d 10 (2015) (reversing a probation revocation judgment and remanding where the trial court relied in part on an erroneous conviction and did not indicate whether it would have revoked probation without that conviction); *State v. Milnes*, 256 Or App 701, 710, 301 P3d 966 (2013) (same). In those circumstances, we cannot say that there is little likelihood that the trial court would have exercised its discretion to revoke probation absent its error in finding the violation.

Here, the trial court did not indicate on the record whether it would have revoked defendant's probation on the basis of the controlled-substance and change-of-residence violations alone. Because the failure-to-report violation could have affected the trial court's decision to revoke defendant's probation, we vacate the revocation judgments and remand for the trial court to exercise its discretion on reconsideration.[3]

Vacated and remanded.

---

[3] We vacate and remand because the trial court could, after considering the issue, reinstate the judgment revoking defendant's probation. *See State v. Stutte*, 339 Or App 87, 99 n 7, 568 P3d 247 (2025) (Where a trial court has relied on a conviction that has since been reversed to revoke a defendant's probation, we vacate and remand "to signify our recognition that, after reconsidering the issue, the trial court could reinstate the same judgment in the probation-revocation case").