Argued and submitted February 29, appeal dismissed September 13, 2000

STATE OF OREGON,
*Respondent,*

*v.*

EDGAR FLOYD DICK,
*Appellant.*

(9600100CR; CA A104130)

10 P3d 315

Anne Morrison, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from an order revoking his probation. He argues that the court erred in revoking his probation without providing notice, hearing, or waiver of counsel. The state concedes the trial court's error but asks us to dismiss the appeal as moot because defendant has already completed his sentence. *See Thompson v. Prinslow*, 138 Or App 183, 906 P2d 310 (1995); *State v. Chase*, 120 Or App 523, 851 P2d 637 (1993).

Defendant offers only the following in response to the state's request:

> "This case will not be rendered moot even if defendant is released from custody and his term of post-prison supervision expires before this court decides this case. This is because defendant's 'prior violation history' may be considered by a court in deciding what sentence to impose should defendant have future legal problems. Accordingly, defendant faces continuing collateral consequences as the result of the illegal revocation of his probation in this case."

That argument is not sufficient because the mere possibility of future adverse consequences does not render a case justiciable. *See Brumnett v. PSRB*, 315 Or 402, 407, 848 P2d 1194 (1993) ("The mere possibility that the state might seek * * * an order at some future date is not sufficient to make dismissal [for mootness] inappropriate."); *Barnes v. Thompson*, 159 Or App 383, 387, 977 P2d 431, *rev den* 329 Or 447 (1999) (the "mere possibility" that a defendant might have been treated differently if he had been released from prison earlier is not enough to render a case justiciable after the defendant has been released).

Appeal dismissed.