Argued and submitted May 27, appeal dismissed November 13, 2003

STATE OF OREGON,
*Respondent,*

*v.*

DWAYNE BRIAN BURNS,
*Appellant.*

9808-46984; A114378

79 P3d 415

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals an order that found he had violated the conditions of his probation, that imposed a six-month jail sanction for the violations, and that extended his probation to October 23, 2002. He argues that the court erred in imposing a probation sanction and extending his probation without obtaining a valid waiver of his right to counsel. The state concedes the trial court erred but argues that we should dismiss the appeal as moot because defendant has already completed his sentence.

Defendant does not concede that his appeal is moot and argues that the trial court's decision could affect the outcome of pending litigation in which he is a party and court action on his prospective application to practice law. Defendant has not explained how reversal of the probation violation order could affect the result in his other pending case, so there is no basis for us to conclude that our decision could affect that case. With regard to defendant's admission to the bar, defendant must complete law school and pass the bar examination before the probation violation order could affect his bar admission. Furthermore, it would be speculative for us to conclude that the order will affect his admission when considered in conjunction with other information about his fitness to practice. Although the order might have an effect on defendant's admission, "the mere possibility of future adverse consequences does not render a case justiciable." *State v. Dick,* 169 Or App 649, 650, 10 P3d 315 (2000). We therefore conclude that defendant's appeal is moot.

Appeal dismissed.