Submitted May 14, appeal dismissed October 15, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN MICHAEL SMITH,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0301819; A134313

195 P3d 467

Raymond Tindell filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to a charge of possession of a controlled substance. The trial court sentenced him to 36 months' probation, including the condition that he not possess illegal drugs or narcotics.

Defendant now appeals a probation violation judgment and order in which the trial court found defendant to be in violation of probation, continued probation, and imposed an additional condition prohibiting defendant from possessing marijuana, notwithstanding the fact that, by the time the trial court imposed that condition, defendant had obtained a medical marijuana card.

The state responds that the trial court properly found that defendant had violated probation and imposed the additional condition because defendant had possessed an amount of marijuana that exceeded the amount permitted under his medical marijuana card, as well as possessing weapons. The state also moves to dismiss the appeal as moot on the ground that defendant's probation has expired and therefore this court's decision can have no practical effect on his rights. *See Brumnett v. PSRB*, 315 Or 402, 406-07, 848 P2d 1194 (1993).

Defendant, in turn, contends that the case is not moot. He reasons that, should he be convicted in the future of a new crime, evidence of his compliance with probation conditions in this case may be considered by the court in imposing sentence on that conviction. He relies on the Supreme Court's decision in *State v. Montez*, 324 Or 343, 353, 927 P2d 64 (1996), *cert den*, 520 US 1233 (1997), in which the court determined that evidence that the defendant had violated the conditions of his probation in a previous case was relevant to the question of the defendant's future dangerousness for the purpose of a death-penalty sentencing proceeding.

In *State v. Dick*, 169 Or App 649, 10 P3d 315 (2000), the defendant appealed an order revoking his probation. The state conceded that the trial court had erred in revoking probation but asked us to dismiss the appeal as moot because the defendant had completed his sentence. Similarly to defendant in this case, the defendant argued that the case was not

moot because his prior violation history could be considered by a sentencing court in a future criminal proceeding. According to the defendant, that possibility constituted a sufficient collateral consequence to preclude the case being moot. We disagreed, explaining that, consistently with *Brumnett*, the "mere possibility of future adverse consequences does not render a case justiciable." *Dick*, 169 Or App at 650.

The same result obtains here. Even assuming that, as occurred in *Montez*, defendant's probation violation history might be relevant to some issue presented in a future criminal proceeding involving defendant, the mere possibility of that occurring is not enough to cause a decision in this case to have any practical effect on defendant's rights. Defendant's appeal is moot and, therefore, not justiciable.

Appeal dismissed.