ORTEGA, P. J.
*315 Defendant seeks reversal of a judgment finding that she violated a special condition of her probation by failing "to participate in an evaluation with Quality Research Associates as directed and/or follow the recommendation of the evaluator." Defendant contends that she complied with the special condition because she reported to the evaluation. In contrast, the state argues that, to comply with the special condition, defendant was required to complete the evaluation. We conclude that the trial court did not err in ruling that defendant violated the special condition of her probation and, accordingly, we affirm.
In the underlying criminal case, on December 24, 2015, defendant pleaded guilty to the charge of violating a stalking protective order, ORS 163.750(2)(a), and the trial court sentenced her to 60 months of probation and 45 days in jail as a condition of her probation. The court imposed a special probation condition that defendant
"[r]eport in person no later than 2:00 p.m. by 1/7/16 to Quality Research Associates (QRA) to be evaluated[.] Defendant shall comply, at [her] expense, with all evaluations, treatment and education programs designated by QRA or by any other agency to which defendant is referred by QRA or by the Court."
Defendant reported to QRA on April 19, more than three months after the time specified in condition, and began an evaluation. The evaluator stated that during the evaluation, defendant "was becoming more and more erratic and hostile," and that even after the evaluator made several attempts to deescalate the situation, defendant would not calm down. Unable to complete the evaluation, the evaluator ended the interview because of defendant's "behavior and lack of cooperation [during] the interview."
The evaluator filed a notice of noncompliance with the court, and the state filed an order to show cause requiring defendant to explain why her probation should not be revoked based on her failure to comply with the special condition.[1] Defendant testified that the first evaluation was *316 "extremely upsetting" and that she was dealing with personal and family issues at that time. The court found that the allegations in the state's motion were proven, ordered the continuation of defendant's probation, and also ordered that defendant serve 30 days in jail as an additional probation condition. Defendant served the 30 days. *951 On appeal, defendant argues that the trial court erred in finding that she violated the special probation condition that she be evaluated by QRA. She contends that she was only required to "report for an evaluation" and comply with any programs designated by the evaluator, and because she reported, there was no violation. She further argues that, regardless of the first evaluation, she still satisfied the special condition of probation by July 14 because she returned to QRA so that the evaluator could complete the evaluation and nothing in the record indicates that the evaluation was not completed successfully. The state first responds that this appeal should be dismissed as moot. Alternatively, the state argues that the trial court correctly determined that, because of defendant's hostility and lack of cooperation, she failed to "comply" with the evaluation by QRA, and therefore violated the special condition of her probation.
We begin with the state's mootness argument. The state asserts that, because defendant already served 30 days in jail, any decision of ours would have no practical effect and, therefore, her appeal is moot and should be dismissed.
We will dismiss a case if it has become moot. Dept. of Human Services v. B. A. , 263 Or. App. 675, 678, 330 P.3d 47 (2014). Mainly, a case becomes moot if "resolving the merits of a claim will have no practical effect on the rights of the parties." State v. Langford , 260 Or. App. 61, 66, 317 P.3d 905 (2013) (internal quotation marks omitted). "Even if the main issue in controversy has been resolved, collateral consequences may prevent the controversy from being moot under some circumstances." Barnes v. Thompson , 159 Or. App. 383, 386, 977 P.2d 431, rev. den. , 329 Or. 447, 994 P.2d 126 (1999) (emphasis in original). "A collateral consequence for the purposes of mootness is a probable adverse consequence to the defendant as a result of the challenged action." State v. Hauskins , 251 Or. App. 34, 36, 281 P.3d 669 (2012).
*317 "[T]he record must show more than a 'mere possibility' that collateral consequences will occur," id. , and here, the state bears "the burden of establishing that any collateral consequences either do not exist or are legally insufficient." State v. K. J. B. , 362 Or. 777, 786, 416 P.3d 291 (2018) ("[W]hen the moving party takes the position that a case has become moot, the responding party must identify any collateral consequences that *** she contends has the effect of producing the required practical effects of a judicial decision. At that point, the moving party must demonstrate that any of those identified collateral consequences either does not exist or is legally insufficient.").
Defendant argues that the state has not met its burden of showing that the appeal is moot. She asserts, among other things, that because she will remain on probation until 2020, the probation-violation judgment will have the collateral consequence of adversely affecting her if she is charged with violating another condition of her probation. Defendant acknowledges that, under State v. Smith , 223 Or. App. 250, 251-52, 195 P.3d 467 (2008), and State v. Dick , 169 Or. App. 649, 650, 10 P.3d 315 (2000), we have previously dismissed probation violation appeals as moot. However, defendant argues that this case is distinguishable because, unlike in Smith and Dick , where probation had expired or was revoked, she remains on probation until 2020, and, therefore, there are potentially adverse legal consequences for her in terms of decisions the court may make with respect to that continued probation, including the handling of future probation violations and how she could be sanctioned as laid out in ORS 137.545.
Here, we agree with defendant that the court has the discretion to look to her record to determine the sanction for any future probation violation. See generally ORS 137.545(2) (requiring the department of corrections to establish a system of structured, intermediate probation violation sanctions, taking into consideration, among other things, prior violation history). That is, because she is on probation until 2020, defendant has met her burden by identifying a collateral consequence, namely, the court's reliance on defendant's violation in future probation violation proceedings. See K. J. B. , 362 Or. at 786, 416 P.3d 291. Because defendant has *318 identified a collateral consequence *952 of the probation violation judgment, and absent the state demonstrating that that collateral consequence either does not exist or is legally insufficient, this appeal is not moot. See id .
Having concluded that defendant's appeal is not moot, we turn to her argument that the state did not meet its burden of proving that she violated the special probation condition. Whether there is sufficient evidence in the record to satisfy the state's burden is a legal question. See, e.g. , State v. Winters , 44 Or. App. 9, 605 P.2d 293 (1980). We agree with the state that it met its burden of proving that defendant did not comply with the court-designated evaluation. The stalking protective order judgment stated that defendant "shall comply," with "all evaluations *** designated *** by QRA *** or by the Court ." (Emphasis added.) That is, the special condition explicitly ordered defendant to comply with all evaluations designated by the trial court, not just evaluations designated by QRA, as asserted by defendant. The initial evaluation by QRA for which defendant was ordered to report no later than January 7, 2016, was such a court-designated evaluation. There was sufficient evidence in the record that defendant's own actions-specifically her lack of cooperation and hostility-prevented the completion of the April evaluation at QRA (already three months late), which prompted the evaluator to file a notice of noncompliance. Accordingly, the trial court did not err in concluding that defendant violated the special condition of her probation.
Affirmed.

Defendant returned to QRA three months later, in July 2016, but the record does not reveal whether the evaluation was completed on that occasion. As noted, the special condition required her to report for evaluation no later than January 7, 2016.