Plaintiffs also note that the trial court did not have the opportunity to consider defendant's alternative arguments regarding IP 55's validity under the "substantive" tests applied by the secretary and Attorney General. Cf. id. at 831, 398 P.3d 449 (in deciding whether to exercise discretion to review moot issue, court may consider whether a future case might present a more developed record).
Unlike the first assignment of error, which presents a widely-applicable issue of ongoing importance-the scope of the secretary's preelection review authority-the second assignment of error raises a fact-bound question of whether the language of a now-expired initiative petition was compliant with Oregon constitutional requirements. See id. at 834, 398 P.3d 449 (declining to exercise discretion to review moot issue that "raises a case-bound question that, although perhaps [is] significant to this now-mooted case, does not present a recurring legal issue that has implications beyond this *149 particular litigation"). Moreover, it is not apparent to us that a challenge concerning a measure like the one at hand is "likely to arise often." Id. at 831, 398 P.3d 449 (emphasis omitted); see also id . (judicial economy favors not reviewing moot issues that are unlikely to reoccur). Those points diminish the public importance of the issue. See id. at 833, 398 P.3d 449. Accordingly, we decline to exercise our discretion to reach the merits of that moot question.
Reversed.