PER CURIAM
*190 Pursuant to ORS 183.400, petitioner challenges the validity of OAR 165-014-0005(1), a rule promulgated by the Secretary *1046 of State that designates the State Initiative and Referendum Manual and associated forms as the procedures and forms to be used for the state initiative and referendum process. In petitioner's view, the rule, by adopting the process described in that manual-including the deadlines for submitting and verifying signatures and the dates for elections included in the manual-precludes initiatives from appearing on the ballot at a special election, in violation of Article III, section 1, Article I, section 20, and Article I, section 8, of the Oregon Constitution. The state responds that the rule does not have that effect, because the manual merely recites dates that are established elsewhere by constitutional provisions and state statute.[1] We agree with the state on the merits; moreover, petitioner's challenge to the rule relies on an understanding of the initiative process, and the secretary's role in that process, that has been rejected in Unger v. Rosenblum , 362 Or. 210, 225, 407 P.3d 817 (2017), and Geddry v. Richardson , 296 Or. App. 134, 141, 437 P.3d 1163 (2019).
OAR 165-014-0005(1) held valid.

The state also argues that we lack jurisdiction because "petitioner is not challenging a rule, but an announcement of constitutional and statutory deadlines" in the manual. We reject that jurisdictional argument. The secretary adopted the manual by administrative rule, and petitioner has expressly challenged that rule and its adoption of the manual.