Argued and submitted January 30, 2020, petition for review dismissed as moot
March 31, 2021

DOUGLAS WAYNE DUNN,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A169830

487 P3d 410

Petitioner, who was serving a period of post-prison supervision after incarceration for convictions dating from 2002, violated the conditions of his post-prison supervision by committing new crimes. The Board of Parole and Post-Prison Supervision imposed a sanction of 120 days' jail time, revoking petitioner's post-prison supervision for that same period. The sanction and revocation had the effect of delaying petitioner's completion of his remaining supervision period. Petitioner, who waived his right to a formal evidentiary hearing before the board, seeks judicial review of the board's order, contending that his waiver was not knowing and voluntary. *Held*: On the board's motion, the Court of Appeals dismissed the petition as moot. Petitioner has since served the 120-day jail sanction and has since been convicted of the offenses underlying the sanction. Additionally, petitioner has been sentenced on those convictions to a term of 120 months in prison and 36 months' post-prison supervision. The period of post-prison supervision remaining on petitioner's prior convictions will be served concurrently with the period of post-prison supervision on petitioner's new convictions. The court rejected petitioner's contention that adverse collateral consequences from the outstanding finding of a violation and sanction prevent his challenge from becoming moot. Thus, reversal of the sanction would be of no practical benefit to petitioner; hence, the petition for review is moot.

Petition for review dismissed as moot.

Kyle Krohn, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher Perdue, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Petition for review dismissed as moot.

## ARMSTRONG, P. J.

Petitioner, who was serving a period of post-prison supervision after incarceration for convictions dating from 2002, violated the conditions of his post-prison supervision by committing new crimes. The Board of Parole and Post-Prison Supervision imposed a sanction of 120 days' jail time, revoking petitioner's post-prison supervision for that same period. The sanction and revocation had the effect of delaying petitioner's completion of his remaining supervision period. Petitioner, who waived his right to a formal evidentiary hearing before the board, seeks judicial review of the board's order, contending that his waiver was not knowing and voluntary. He further contends that the board's findings on the merits of the violations are not supported by substantial evidence.

The board has filed a motion to dismiss the petition, contending that it is moot, because petitioner has since served the 120-day jail sanction and has since been convicted of the offenses underlying the sanction—possession of methamphetamine, first-degree robbery, second-degree robbery, fourth-degree assault, unlawful use of a weapon, first-degree theft, and menacing. Additionally, petitioner has been sentenced on those convictions to a term of 120 months in prison and 36 months' post-prison supervision. The period of post-prison supervision remaining on petitioner's prior convictions will be served concurrently with the period of post-prison supervision on petitioner's new convictions. Thus, the board contends, a reversal of the sanction would be of no practical benefit to petitioner; hence, the petition for review is moot.

Petitioner responds that there are adverse collateral consequences from the outstanding finding of a violation and sanction that prevent his challenge from becoming moot. He notes that his new convictions are pending on appeal and that, in the event they are overturned, the board's revocation of post-prison supervision on his former convictions would have the effect of extending his time under supervision. Petitioner contends, additionally, that the board's order could adversely affect him, because it could be considered in the impositions of sanctions for future violations. *See* OAR

255-075-0073(8)(c) (permitting consideration of the history and nature of violations of post-prison supervision).

We agree with the board that the petition for judicial review is moot. When a sentence or condition of supervision has expired, a challenge to the sentence or supervision condition becomes moot, because there is no effective relief that may be granted against the expired sentence or condition. *See, e.g.*, *State v. Dick*, 169 Or App 649, 650, 10 P3d 315 (2000) (dismissing as moot challenge to order revoking defendant's probation because defendant had "already completed his sentence"). Petitioner has completed his 120-day sanction; thus, our case law guides us to conclude that his challenge to the sanction is moot.

Collateral consequences can sometimes prevent a controversy from being moot. *Barnes v. Thompson*, 159 Or App 383, 386, 977 P2d 431, *rev den*, 329 Or 447, (1999). A collateral consequence "is a probable adverse consequence to the defendant as a result of the challenged action." *State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012). Petitioner contends that an adverse consequence of the sanction is the extension of his post-prison supervision time on the underlying offenses.

Petitioner is currently serving a prison term on his new convictions, which will be followed by 36 months of post-prison supervision, with which the remaining post-prison supervision period on his earlier offenses will be served concurrently. OAR 213-012-0040 (requiring that multiple PPS terms be served concurrently). Petitioner will thus serve the same amount of supervision time post-prison whether or not the sanction is overturned. The extended post-prison supervision time as a result of the sanction therefore will have no practical effect on petitioner's rights, thus not saving petitioner's challenge from mootness. *See Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993) ("Cases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot.")

Petitioner cites the remaining post-prison supervision time as a potential collateral consequence if his new convictions are overturned on appeal. That contention requires

us to speculate that petitioner will succeed on his appeal in obtaining a reversal of at least some of his convictions, resulting in a remand for a new trial or resentencing, such that a future sentence will no longer include post-prison supervision time of a duration sufficient to subsume the remaining post-prison supervision time on petitioner's earlier convictions. That is too remote a possibility to preclude mootness. *See Brumnett*, 315 Or at 407 ("The mere possibility that the state might seek *** an order at some future date is not sufficient to make dismissal [for mootness] inappropriate."); *Dept. of Human Services v. S. M. S.*, 281 Or App 720, 722, 383 P3d 991 (2016) ("To preclude mootness, the asserted consequence 'must have a significant probability of actually occurring; a speculative or merely possible effect is not enough.'" (Quoting *Oregon School Activities v. Board of Education*, 244 Or App 506, 510, 260 P3d 735 (2011).)).

In *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018), we held that the legal detriment of a finding of a probation violation with respect to possible future probation sanctions was a collateral consequence that prevented an appeal from becoming moot. Citing *Stroud*, petitioner contends that here, similarly, the board's determination that petitioner has violated the terms of his post-prison supervision is an adverse legal consequence with respect to possible future sanctions for possible future violations of post-prison supervision. We agree with petitioner that it is possible that the current sanction could adversely affect future sanctions if petitioner were ever to violate the terms of post-prison supervision on his new convictions. But, unlike in *Stroud*, where the adverse legal consequence related to possible future sanctions for violations of the probation the petitioner was then serving, here, the possible adverse effect relates to possible sanctions for future violations of post-prison supervision that petitioner will serve after he completes a prison term of 120 months on his new convictions. Not only is that possible adverse consequence speculative, it is one that would bear minimal significance relative to the serious nature of the crimes that gave rise to the sanction. We agree with the state that, as a collateral consequence, it is one that is of such remote likelihood and minimal effect that it is legally insufficient to prevent the appeal from being

moot. *See State v. K. J. B.*, 362 Or 777, 786, 416 P3d 291 (2018) ("[W]hen the moving party takes the position that a case has become moot, the responding party must identify any collateral consequences that *** she contends has the effect of producing the required practical effects of a judicial decision. At that point, the moving party must demonstrate that any of those identified collateral consequences either does not exist or is legally insufficient."). We reject without discussion petitioner's contention that his challenge to the sanction is one that we should consider under ORS 14.175, as capable of repetition yet evading review.

Petition for review dismissed as moot.