Submitted October 27, 2021, affirmed May 11, petition for review denied September 1, 2022 (370 Or 212)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TRENT THEOPHULIS PRESTON-MITTASCH IV,
*Defendant-Appellant.*

### Lane County Circuit Court
17CR53735; A173418

510 P3d 931

Defendant appeals from a judgment revoking his probation on a conviction for menacing, ORS 163.190, a Class A misdemeanor. On appeal, he argues that the trial court exceeded its authority under ORS 137.545(5)(a) when it sentenced him to a 30-day jail term after revoking his probation, because it previously had imposed a jail term as a special condition of probation. Although his appeal is moot because he has served his jail sentence, defendant contends that his claim meets the requirements of ORS 14.175 and urges the court to exercise its discretion to reach his claim. *Held*: The appeal satisfied the requirements of ORS 14.175 and the Court of Appeals exercised its discretion to reach the merits of defendant's claim. The trial court did not err when it sentenced defendant to a 30-day jail term after revoking his probation. Because the trial court initially imposed a probationary sentence—one in which confinement to jail was a special condition of that probation—the trial court had the authority under ORS 137.545(5)(a)(B) to impose a jail sentence after it revoked defendant's probation.

Affirmed.

Charles M. Zennaché, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joseph Callahan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment revoking his probation on a conviction for menacing, ORS 163.190, a Class A misdemeanor. On appeal, defendant argues that the trial court exceeded its authority under ORS 137.545(5)(a) when it sentenced him to a 30-day jail term after revoking his probation because the trial court previously had imposed a jail term as a special condition of probation. Before addressing the merits, however, we must first address justiciability because defendant completed serving his 30-day sentence, which renders his appeal moot. Defendant contends that his claim meets the requirements of ORS 14.175 because the issue raised on appeal is capable of repetition and likely to evade review, and that we should exercise our discretion to reach his claim. The state does not specifically address whether the issue presented is capable of repetition or likely to evade review; rather, it argues that we should decline to exercise our discretion because in its view "any decision on the merits is not broadly important to many people." As explained below, we conclude that this appeal satisfies the requirements of ORS 14.175, and we exercise our discretion to reach the merits of defendant's arguments on appeal. We further conclude that the trial court did not err when it sentenced defendant to a jail term when it revoked his probation. Accordingly, we affirm.

We begin with justiciability. An issue is moot if the court's decision on the matter will no longer have a practical effect on the rights of the parties. *State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018). It is undisputed that defendant has served the challenged 30-day jail term, which moots defendant's appeal. *See, e.g.*, *State v. Smith (A134313)*, 223 Or App 250, 195 P3d 467 (2008) (dismissing appeal from probation-violation judgment that was mooted by completion of sentence); *State v. Dick*, 169 Or App 649, 10 P3d 315 (2000) (same). ORS 14.175 allows us to address the merits of a moot action under specified circumstances.[1] When

---

[1] ORS 14.175 provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court

determining whether to address the merits of a moot appeal, we must first determine whether the action satisfies the requirements of ORS 14.175, and, if so, whether to exercise our discretion to consider it. *Penn v. Board of Parole*, 365 Or 607, 613, 451 P3d 589 (2019). Under ORS 14.175, we may decide a moot challenge to an act of a public body or official if: (1) the party that commenced the action had standing to commence it; (2) the challenged act is capable of repetition; and (3) the challenged act is likely to evade judicial review in the future. *Bowers v. Betschart*, 313 Or App 294, 301, 496 P3d 1034 (2021), *rev den*, 369 Or 504 (2022).

We conclude that the requirements of ORS 14.175 are met in this case. Defendant challenges the trial court's imposition of a jail sentence under ORS 137.545(5)(a) after it revoked defendant's probation, which included a special probation condition imposing jail as provided by ORS 137.540(2)(a). The first two requirements of ORS 14.175 are met in that defendant had standing to challenge the trial court's action and the trial court's action is capable of repetition in that the statutory framework giving rise to the challenged act, ORS 137.540(2) and ORS 137.545(5)(a), remains intact. Third, we conclude that future challenges are likely to evade judicial review because the sentences at issue here are short, and the judicial process can be lengthy. *See* ORS 161.615 (providing maximum sentences for different misdemeanor classes, ranging from 30 days to 364 days); *see also Geddry v. Richardson*, 296 Or App 134, 142, 437 P3d 1163, *rev den sub nom Geddry v. Clarno*, 365 Or 369 (2019) (similarly concluding that specific challenges to initiative petitions are likely to evade judicial review "because election cycles are short and the judicial process can be lengthy"). Although not every single instance involving this challenged act would necessarily evade review, our standard is that a

---

may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

challenged act be "likely" to evade review, and we conclude that the challenged act here is likely to evade review.

The question remains whether we should exercise our discretion to review the moot issue. We conclude that several prudential considerations weigh in favor of considering the issue. *See Eastern Oregon Mining Assoc. v. DEQ*, 285 Or App 821, 830-32, 398 P3d 449 (2017), *aff'd*, 365 Or 313, 445 P3d 251 (2019), *cert den*, ___US ___, 141 S Ct 111, 207 L Ed 2d 1052 (2020) (detailing nonexclusive list of "prudential justifications" that courts consider when deciding whether to exercise discretion to review moot issues). Resolution of the issue is in the interest of judicial economy. *See id.* at 831-32 (discussing the "judicial economy" factor). Further, resolution of the issue will affect other defendants who have had their probation revoked. *See id.* at 831 ("[W]e may also consider whether the parties are advocating only narrow arguments and rules of law that may benefit just themselves or are presenting arguments affecting a wider group of parties or interests."). Accordingly, we exercise our discretion to review the issue.

Turning to the merits, at issue is the interplay between ORS 137.540(2), which allows a trial court to impose a jail term as a special condition of probation, and ORS 137.545(5)(a), which outlines a trial court's sentencing options when it revokes misdemeanor probation. Defendant argues that the trial court lacked authority under ORS 137.545(5)(a) to impose a jail sentence because it previously had imposed a sentence of probation and a sentence of imprisonment as a condition of probation under ORS 137.540(2). That issue requires us to decide whether the trial court erred in sentencing defendant to a jail term after revoking his probation when his initial sentence of probation included a jail term as a special condition of probation.

We begin with the text of the two statutes. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (outlining the methodology for statutory interpretation and discussing the primacy of text and context). First, ORS 137.540 provides the trial court authority to impose conditions of probation, including a special condition of probation that includes confinement in jail. ORS 137.540 provides, in part:

"(2)   In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both, including, but not limited to, that the probationer shall:

"(a)   For crimes committed prior to November 1, 1989, and misdemeanors committed on or after November 1, 1989, be confined to the county jail or be restricted to the probationer's own residence or to the premises thereof, or be subject to any combination of such confinement and restriction, such confinement or restriction or combination thereof to be for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

Second, ORS 137.545(5)(a) outlines the trial court's sentencing authority when it revokes probation. ORS 137.545 provides, in part:

"(5)(a)   For defendants sentenced for felonies committed prior to November 1, 1989, and for any misdemeanor, the court that imposed the probation, after summary hearing, may revoke the probation and:

"(A)   If the execution of some other part of the sentence has been suspended, the court shall cause the rest of the sentence imposed to be executed.

"(B)   If no other sentence has been imposed, the court may impose any other sentence which originally could have been imposed."

Thus, as the parties do not dispute, the plain language of ORS 137.540(2)(a) authorizes the trial court to impose confinement to jail as a special condition of probation. *See State v. Frier*, 264 Or App 541, 543, 333 P3d 1093 (2014) (explaining that, under ORS 137.540(2)(a), the court had the authority to order as a special condition of probation that the defendant "be confined to the county jail" for up to one year or one-half the maximum period of confinement that could be imposed for DUII, whichever was less). Further, under ORS 137.545 (5)(a), the court may revoke probation and either (A) impose the suspended sentence, or (B), "[i]f no other sentence has

been imposed," impose any other sentence that originally could have been imposed.

In this case, the parties agree that there was not a suspended sentence and, therefore, subparagraph (A) does not apply. Rather, the parties' dispute centers on whether ORS 137.545(5)(a)(B) provided authorization for defendant's sentence on revocation. On that point, defendant relies on *Holcomb v. Sunderland*, 321 Or 99, 106-07, 894 P2d 457 (1995), to argue that, because the court had imposed jail as a condition of probation, and because probation is a sentence, subparagraph (B) "does not apply because the court imposed a sentence other than the sentence of probation—the court also imposed a 'sentence of imprisonment.'" We reject defendant's argument.

The plain language of ORS 137.545(5)(a)(B) allows a trial court to impose "any other sentence" that originally could have been imposed if no other sentence had been imposed. Defendant's argument, however, rests on the incorrect premise that his initial confinement to jail was a "sentence" separate from his sentence of probation. In this case, the trial court imposed jail as a special condition of probation, *i.e.*, as a part of defendant's probation, not as a separate sentence. As we have explained, "[w]hat does, or does not, constitute a sentence in Oregon is highly context specific, dependent upon the particular source of law at issue." *Putnam v. Board of Parole*, 290 Or App 436, 442, 417 P3d 524, *rev den*, 363 Or 224 (2018). Here, jail imposed as a special condition of probation is a part of the probationary sentence as described in ORS 137.540(2)(a); it is not a separate sentence. *See Frier*, 264 Or App at 544 n 3 ("Jail time ordered as a condition of probation is considered part of a defendant's sentence." (Internal quotation marks omitted.)). Thus, because the trial court initially imposed a probationary sentence—one in which confinement to jail was a special condition of that probation—the trial court had the authority under ORS 137.545(5)(a)(B) to impose a jail sentence after it revoked defendant's probation.

Affirmed.