No. 381 June 5, 2024 103

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BABAK LOFTI MOGHADAS,
*Defendant-Appellant.*

Washington County Circuit Court
20CR02760, 22CR07792;
A179637 (Control), A179638, A179901, A179902

Erik M. Buchér, Judge (Judgment entered September 8, 2022; Amended Judgment entered September 14, 2022; Second Amended Judgment entered October 6, 2023; corrected Second Amended Judgment entered October 11, 2023)

Theodore E. Sims, Judge (Amended Judgment October 6, 2023)

Argued and submitted April 24, 2024.

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

This is a consolidated appeal of judgments revoking defendant's probation in two separate criminal cases, Case No. 20CR02760 and Case No. 22CR07792. In four assignments of error, defendant argues that two of the trial court's violation findings were not supported by the evidence and that the court therefore erred in each case by revoking probation based in part on those findings. Defendant asks that we reverse the probation-revocation judgments and remand for the trial court to reconsider whether to revoke defendant's probation based on the remaining violations.

Whether the evidence was legally sufficient to prove a probation violation is a question of law. *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018). We view the relevant evidence in the light most favorable to the state. *State v. Butler*, 313 Or App 786, 788, 494 P3d 1031, *rev den*, 368 Or 787 (2021).

*Violation based on residence.* As a general condition of probation, defendant was required to get permission before changing his residence, and, as a special condition of probation, defendant was required to reside with his father. The trial court found defendant in violation of the special condition, based on evidence that defendant spent the night elsewhere on two specific dates. The state concedes that the evidence was legally insufficient to establish that defendant changed residences, *i.e.*, that he was no longer residing with his father. We agree. The trial court erred in finding that defendant violated the probation condition that he live with his father.

*Violation based on failure to report.* As a general condition of probation, defendant was required to report as directed by his probation officer. The trial court found that defendant violated that condition by failing to report for a month-and-a-half period while his probation officer did not know where he was due to his failure to use his GPS monitor as ordered. However, the failure to comply with the GPS condition was a separate issue from failure to comply with the reporting condition, and the only "failure to report" allegation was that defendant failed to attend a scheduled

meeting with his probation officer on June 30, 2022. No evidence was admitted at the probation-violation hearing to establish that defendant was supposed to meet with his probation officer on June 30, 2022, and did not show up. The trial court therefore erred in finding that defendant violated his probation by failing to report as directed.[1]

*Probation revocation.* The trial court found defendant to have committed other probation violations in addition to the two addressed above. The state urges us to conclude on this record that the court would have revoked defendant's probation even without finding these two violations. We are unpersuaded. Although it is entirely possible that the court would have revoked defendant's probation regardless, our normal practice is to reverse and remand for reconsideration when we cannot tell for certain whether that is actually the case. *See State v. Milnes*, 256 Or App 701, 711, 301 P3d 966 (2013) (reversing a probation-revocation judgment and remanding where the trial court relied in part on an erroneous conviction and "did not indicate" whether it would have revoked without that conviction); *State v. Mast*, 109 Or App 485, 486, 819 P2d 1392 (1991) (reversing and remanding for reconsideration because it was "unclear" whether the trial court relied on an improper basis in revoking probation). We therefore reverse the revocation judgments and remand for reconsideration.

Reversed and remanded.

---

[1] The state argues that defendant failed to adequately preserve his claim of error regarding the "failure to report" violation. We disagree. Defendant challenged the sufficiency of the evidence to prove the alleged violations, except for two not at issue here, which was sufficient to preserve the issue that he raises on appeal.