No. 592 August 28, 2024 545

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GRANT DEWAYNE ENGLAND,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR24470; A178600

Heidi H. Moawad, Judge.

Submitted on January 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals from a judgment revoking his probation and imposing a 180-day jail sanction. In a single assignment of error, defendant argues that the trial court erred in revoking his probation based on its finding that defendant committed a new crime because it did not require the state to prove that allegation beyond a reasonable doubt. Defendant acknowledges that we have previously held that proof beyond a reasonable doubt is not required in probation revocation proceedings, *State v. Fortier*, 20 Or App 613, 533 P2d 187 (1975), but he asks us to overrule *Fortier* as plainly wrong. The state responds that the case is moot because defendant has already served the jail sanction imposed at the revocation hearing, and that, regardless, his argument fails on the merits. Although we conclude that the case is not moot, we decline to overrule *Fortier* because we are not persuaded that it is plainly wrong. We therefore affirm.

"We review a trial court's decision to revoke probation for an abuse of discretion." *State v. Hammond*, 218 Or App 574, 577, 180 P3d 137 (2008). However, we review any legal conclusions predicating the revocation for legal error. *State v. Martin*, 370 Or 653, 657-58, 522 P3d 841 (2022).

In April 2020, to resolve three criminal cases against him, defendant pleaded guilty to two counts of strangulation constituting domestic violence, two counts of fourth-degree assault constituting domestic violence, and one count of unlawful use of a weapon. In each case, he was sentenced to 60 months of probation, to be served concurrently. The terms of his probation provided that defendant was prohibited from having any personal contact with one of his victims, E, who also had a stalking protective order against defendant. The trial court also required defendant to participate in domestic violence treatment.

In April 2022, when E let her dog outside one evening, defendant entered her apartment and refused to leave. Police responded to the scene, and defendant's probation officer subsequently filed a report alleging that defendant had violated the terms of his probation in all three cases. At the subsequent probation revocation hearing, the trial court

continued defendant's probation in two of the cases. In the third case, the trial court revoked defendant's probation and imposed a 180-day jail sanction based on its findings that defendant failed to obey all laws by violating the stalking protective order and that he violated the condition of his probation prohibiting personal contact with E. Defendant appeals the revocation in the third case.[1]

We first address the state's contention that this appeal is moot because defendant has completed the 180-day jail sanction. Generally, an appeal from a judgment revoking probation becomes moot once the defendant has served the sanction imposed at the probation violation proceeding. *State v. Morter*, 319 Or App 454, 455, 508 P3d 598 (2022). However, if the defendant remains on probation after serving the sanction, the trial court's discretion to consider the previous probation violation at a future probation violation proceeding is a collateral consequence that prevents the appeal from being moot. *State v. Stroud*, 293 Or App 314, 316-17, 428 P3d 949 (2018).

In *Stroud*, we concluded that the defendant's appeal was not moot where the trial court continued the defendant's probation but imposed a 30-day jail sentence as an additional condition of her probation. *Id.* at 317. We reasoned that because "the court has the discretion to look to [the defendant's] record to determine the sanction for any future probation violation[,]" the defendant had met her burden to identify a collateral consequence. *Id.* at 317-18. By contrast, in *Dunn v. Board of Parole*, 310 Or App 249, 251, 487 P3d 410, *rev den*, 368 Or 702 (2021), we held that the defendant's challenge to a judgment revoking his post-prison supervision and imposing a 120-day jail sanction was moot. There, following the sanction and revocation, the defendant was convicted of a series of new offenses and sentenced to 120 months in prison followed by a term of post-prison supervision, to be served concurrently with his remaining supervision period. *Id.* The defendant argued that under *Stroud*, the

_____

[1] Defendant also appealed the judgments continuing his probation in the two related cases. Those appeals were dismissed for lack of jurisdiction, and accordingly, those judgments are not directly before us in this appeal. However, as we discuss, defendant's continued probation in those two cases is relevant to the issue of mootness in the case that is before us.

possible adverse legal consequences with respect to future sanctions for violations of his post-prison supervision precluded mootness. *Dunn*, 310 Or App at 253. We rejected that argument, noting that in *Stroud*, "the adverse legal consequence related to possible future sanctions for violations of the probation the [defendant] was *then serving*," whereas in *Dunn*, "the possible adverse effect relate[d] to possible sanctions for future violations of post-prison supervision that [the defendant] will serve after he completes a prison term of 120 months on his new convictions." *Dunn*, 310 Or App at 253 (emphasis added).

Here, we agree with defendant that the posture of his appeal is more analogous to the defendant in *Stroud* than the defendant in *Dunn*. Defendant remains on probation in the two related cases until April 2025, and he is subject to the same probation condition prohibiting personal contact with the victims in those two cases as he was in the case in which his probation was revoked. At defendant's sentencing for the underlying offenses, the trial court emphasized that the domestic violence conditions applied in the concurrent probation sentences and explained that if he "mess[es] up [in] one place, you can get *** dinged in all the cases." When defendant's probation officer learned that defendant had entered E's apartment, he filed a violation report in all three cases, and the court held a single revocation hearing. Under those circumstances, it is highly probable that defendant's previous probation violation in the instant case would factor into the trial court's consideration of any future probation violation in the related cases, and defendant has therefore identified a collateral consequence sufficient to prevent his appeal from being moot.

Having concluded that the case is not moot, we turn to the merits. Defendant argues, as he did below, that "for a trial court to find that a probationer has violated probation by committing a crime, the state must prove that the probationer committed the alleged crime beyond a reasonable doubt." As defendant acknowledges, we have previously held that proof beyond a reasonable doubt is not required in revocation proceedings—rather, "proof by a preponderance of the evidence is sufficient." *Fortier*, 20 Or App at 616.

We overrule precedent only when it is plainly wrong, a rigorous standard satisfied only in exceptional cases, and the party seeking to change a precedent must affirmatively persuade us that we should abandon our prior decision. *State v. Civil*, 283 Or App 395, 415-17, 388 P3d 1185 (2017).

In asking us to overrule *Fortier*, defendant contends that he raises a new argument that we did not previously address. Specifically, defendant argues that while a court may apply the preponderance standard to find that a defendant has committed an *element* of a crime when that element constitutes a probation violation, a court is not permitted to revoke a defendant's probation based on the commission of a new crime absent a valid criminal conviction. That argument, however, is similarly foreclosed by *Fortier*, in which we also held that the trial court could revoke defendant's probation even though he had been acquitted of the criminal charge that formed the basis of the probation revocation. 20 Or App at 616; *see also State v. Donovan*, 305 Or 332, 342, 751 P2d 1109 (1988) (holding that if the state elects and the trial court agrees to conduct a probation revocation hearing *before* a criminal trial, a trial court's finding that the state has failed to prove a necessary element by a preponderance of the evidence will collaterally estop the state from proving that element in a subsequent criminal trial on a new offense). We are not persuaded that *Fortier* is plainly wrong, and thus, we decline to overrule it. The trial court did not err in applying a preponderance of the evidence standard at defendant's probation revocation hearing.

Affirmed.