No. 836 November 20, 2024 337

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOARUTHOR LANGSTON II,
aka Doarthor Langston, aka Doarthor Langston II,
aka Doaruthor Langston, aka Doaruthor Langston II II,
*Defendant-Appellant.*

Jackson County Circuit Court
19CR64536; A181432

Kelly W. Ravassipour, Judge.

Submitted October 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant pleaded no contest to second-degree sexual abuse and was sentenced to three years of probation, with an agreement that, if he violated probation, he would receive an upward dispositional departure sentence of 24 months in prison. As a special condition of probation, defendant was required to participate in and successfully complete sex offender treatment. The trial court found defendant to have violated that condition and revoked his probation. On appeal, in a single assignment of error, defendant challenges the finding of a probation violation. We affirm.

As part of his sex offender treatment, defendant entered into a contract under which his therapist had the right to decide to suspend or terminate treatment and which provided, among other things, that defendant would not "develop an intimate or sexual relationship (unless married or currently involved)" without the approval of his treatment team and that he would be honest with his therapist regarding treatment violations in a timely manner. Approximately one month before the scheduled end of his three-year probationary term, defendant's therapist terminated him from treatment based on defendant's admission to having sexual contact with a woman other than his girlfriend without prior approval, which violated the contract, and his therapist's belief that defendant could not successfully complete treatment before the end of his probationary period.[1]

After a show cause hearing, the trial court found that the state had proved that defendant violated his probation by failing to successfully complete sex offender treatment. The court ultimately decided to revoke probation based on that violation and sentenced defendant to 24 months in prison.

Defendant challenges the trial court's finding of a probation violation. He argues that he was "generally compliant" with the treatment program, attended sessions, submitted to polygraphs, and was honest with his therapist, but

_____

[1] The termination letter also references the therapist's "concern" regarding defendant often engaging in "rough sex that mimics his index offense," but at the hearing, the therapist downplayed the significance of that concern to his termination decision.

that he "could not admit to conduct that he maintained that he did not commit." In defendant's view, "it was impossible for [him] to do more than he did." He compares his situation to that in *State v. Adams*, 302 Or App 730, 740, 462 P3d 761 (2020), in which we held that it was error to find the defendant in violation of a probation condition that required him to successfully complete family court, where the reason that he was terminated from family court without completing it was that the children were returned to their mother's care and no longer lived in Oregon, which was outside his control.

Whether there is sufficient evidence in the record to support a finding of a probation violation is a legal question.[2] *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018). Here, there is evidence in the record that defendant was terminated from sex offender treatment without successfully completing it, thus violating a probation condition. We are unpersuaded that the situation is analogous to *Adams*. The therapist had the right to terminate treatment and did so, not based on defendant's refusal to admit to the crime of conviction, but because defendant had sexual contact with a woman other than his partner without prior approval, which violated the treatment contract, and the therapist did not believe that defendant could successfully complete treatment before the end of his probationary period. Defendant's argument that it was impossible for him to do more than he did to successfully complete treatment is therefore misplaced, because he could have not violated the contract.

Accordingly, we reject defendant's claim that the trial court erred in finding a probation violation.

Affirmed.

---

[2] By contrast, we review the decision to revoke probation for an abuse of discretion. *State v. Kelemen*, 296 Or App 184, 191-92, 437 P3d 1225 (2019); *see also* OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."). Defendant does not challenge the discretionary decision to revoke probation, only the finding of a violation itself.