792 March 12, 2025 No. 217

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOEL CRISTIAN NIETO,
aka Joel Christian Nieto,
*Defendant-Appellant.*

Washington County Circuit Court
19CR78914; A179144

Brandon M. Thompson, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office Of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Appeal dismissed as moot.

**PAGÁN, J.**

Defendant appeals from a judgment that found him in violation of the terms of his probation and then modified his probation. Defendant assigns error to the court's finding that defendant violated the terms of his probation, arguing that there was insufficient evidence. The state argues that defendant's appeal is moot because he has finished serving his probation. Defendant counters that he may face collateral consequences as a result of the judgment, and therefore the appeal is not moot. Under the circumstances, we agree with the state, and dismiss this appeal as moot.

Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, and sentenced to 24 months of bench probation. As a condition of his probation, he was required to undergo an alcohol evaluation and engage in any resulting treatment recommendations. Although alcohol treatment was recommended, the treatment program refused to accept defendant into the program because he had outstanding untreated mental health issues—namely that he was not taking a prescribed mental health medication. Defendant thus did not enter the alcohol treatment program. As a result, the trial court ordered defendant to show cause for why he should not be found in violation of his probation. Defendant argued that receiving mental health treatment was not a condition of his probation and that he had received an alcohol evaluation as required. The court reasoned that defendant had willfully chosen to stop taking his prescribed medication, which "would have helped him take the path forward" to alcohol treatment, and, accordingly, found defendant in violation of his probation. In turn, the court converted the bench probation into formal probation, and imposed new mental health conditions as part of probation—but kept the length of probation the same. Defendant's probation ended in January 2024, after he filed this appeal, but before its submission for consideration.

On appeal, defendant argues that there was insufficient evidence to support a finding that he had violated the terms of his probation because the trial court did not impose mental health conditions as part of the initial probation

package. The state counters that the appeal is moot, and that in the alternative, the evidence was sufficient. At the request of the Appellate Commissioner, the parties filed supplemental briefing on the issue of mootness.

We do not typically decide cases that have become moot. *State v. Preston-Mittasch*, 319 Or App 507, 508, 510 P3d 931, *rev den* 370 Or 212 (2022). "An issue is moot if the court's decision on the matter will no longer have a practical effect on the rights of the parties." *Id.* Once probation has ended, any errors stemming from it are typically moot. *See, e.g., State v. Smith*, 223 Or App 250, 252, 195 P3d 467 (2008) (dismissing as moot a challenge to a probation violation after probation ended). Collateral consequences of a judgment may prevent a controversy from being moot. *Dept. of Human Services v. A. B.*, 362 Or 412, 427, 412 P.3d 1169 (2018). "A collateral consequence for purposes of mootness is a *probable* adverse consequence to the defendant as a result of the challenged action." *State v. Hauskins,* 251 Or App 34, 36, 281 P3d 669 (2012) (emphasis added). "The record must show more than a 'mere possibility' that collateral consequences will occur." *Id.* The burden of persuasion is borne by the party alleging mootness, but "it will be up to the appellate court to determine the existence and significance of * * * [collateral] consequences and to decide, as a prudential matter, whether an appeal is moot." *A.B.*, 362 Or at 426.

Defendant identifies the following collateral consequences: 1) the imposition of the mental health conditions, 2) that the sentence was served in public, and 3) he requires an exoneration in order to succeed in any future malpractice claim. We address each briefly.

First, Defendant argues that the imposition of mental health conditions is a collateral consequence that would not have existed if not for the finding of a probation violation. Putting aside whether the imposition of the condition itself was an adverse consequence, the court had the power to implement a mental health requirement even in the absence of a probation violation. *See* ORS 137.540(9)(a) ("The court may at any time modify the conditions of probation."); *State v. Laizure*, 246 Or App 747, 753, 268 P3d 680 (2011), *rev den* 352 Or 33 (2012) (court could change terms of probation for

cause, even in the absence of a probation violation). The record demonstrates that the court had cause to modify probation to include mental health conditions, and because it had such power regardless of whether a violation was found, we cannot say that the outcome would have been different. Thus, there is no *probable* adverse consequence here.

Second, defendant argues that the sanction was effectively served in public, relying on *State v. Langford*, 260 Or App 61, 67, 317 P3d 905 (2013). But *Langford* is inapposite because it is not a probation case, and regarded a sentence in which the defendant was placed on a work crew, which was in the view of the general public, which is unlike the probation at issue here. We are not persuaded by defendant's contention.

Third, defendant argues that in order to succeed on a malpractice claim against defense counsel, he will need an exoneration, and thus the appeal is not moot. *See Gwynne v. Myers*, 331 Or App 561, 563 n1, 546 P3d 918, *rev den* 372 Or 763 (2024) (discussing that to sue for malpractice regarding a probation revocation, a plaintiff must first obtain an exoneration); *Stevens v. Bispham*, 316 Or 221, 851 P2d 556 (1993) (originating the exoneration rule for malpractice claims). But defendant hasn't identified what malpractice might have been committed. The mere assertion that a malpractice claim could be brought is insufficient, especially in a posture where a party is not inherently challenging the effectiveness of their counsel.

In any event, a ruling of this court would not provide exoneration. That is because the violation finding did not result in revocation of probation and a term of incarceration; the court merely modified the conditions of probation and continued it, something that the court had the authority to do regardless of whether the court was correct to view defendant's conduct as a violation of the terms of probation. Accordingly, on these facts, it would be difficult to view a correction of any error in the violation finding as resulting in the type of "exoneration" required to pursue a malpractice claim.[1]

---

[1] *Moore-Reed v. Griffin*, 332 Or App 258 (unpublished), *rev allowed* 373 Or 154 (2024), concerned application of the *Stevens* "exoneration" rule; the plaintiff in that case petitioned for review, arguing that the Supreme Court should

Lastly, defendant argues in the alternative that this error is capable of repetition yet likely to evade judicial review and asks us to reach the merits under ORS 14.175. Even assuming without deciding that the criteria in ORS 14.175 have been met, we decline to exercise the authority that ORS 14.175 affords us to decide the otherwise moot issue.

Appeal dismissed as moot.

---

consider abandoning that rule. We note that the Supreme Court recently allowed review in that case.